IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONOVAN JOHNSON, | ) |
|         Plaintiff, | ) |
| v. | ) No. |
| THOMAS DART, COOK COUNTY SHERIFF; COUNTY OF COOK, ILLINOIS; SGT. DAE; SGT. ANDERSON; and UNKNOWN OFFICERS, | ) |
|         Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DONOVAN JOHNSON, by and his through counsel, MOHAMMED-LAW LLC, and complaining of the defendants, THOMAS DART, COUNTY OF COOK, SGT. DAE, SGT. ANDERSON, and UNKNOWN OFFICERS, states as follows:

## INTRODUCTION

This lawsuit arises out of an unprovoked and malicious beating perpetrated Cook County Sheriff deputies against Donovan Johnson, a former detainee at the Cook County Department of Corrections (the "CCDOC" or "Cook County Jail"). Petitioner suffered a head injury and a back injury. The lawsuit seeks damages for: (1) use of excessive force in violation of the Fourteenth Amendment to the United State Constitution; and (2) committing the state law tort of intentional infliction of emotional distress

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

4. Proper venue is this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Cook County, Illinois, and pursuant to 18 U.S.C. § 1965

5. Plaintiff previously filed a Complaint under #19CV04663 on August 21, 2019. Upon information and believe that matter was dismissed for want of prosecution on November 5, 2019. The case is being refiled pursuant to 735 ILCS 5/13-217 of the Illinois Code of Civil Procedure which states in a part that a party may refile an action within a year if such action was dismissed for want of prosecution.

## PARTIES

6. Plaintiff DONOVAN JOHNSON is a citizen of the United States of America, who, at all times relevant was a detainee at CCDOC and a resident of Cook County, Illinois.

7. Defendant Sgt. Dae was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

8. Defendant Sgt. Anderson was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

9. Defendant UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, a duly licensed Cook County Sheriff Correctional Officer. They engaged in the conduct complained of in the course and scope of their employment and under color of law. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual capacities.

10. Defendant THOMAS DART was, at all times relevant, the Sheriff of the Cook County. As a duly elected Sheriff of Cook County, Dart operates in his official capacity as the Cook County Sheriff's Officer (the "Sheriff's Office".) He is the Warden of the CCDOC, where he was given custody and charge of Petitioner and was responsible Petitioner's protection, as well as hiring, training and supervision of all personal necessary to operate and maintain the CCDOC. He is sued in his official capacity.

11. Defendant County of Cook is a local public entity under the laws of the State of Illinois. At all times relevant Sgt. Dae, Sgt. Anderson, Tom Dart and all Unknown Officers were employees and officers of Cook County. It is being sued in its official capacity.

**12.** All mentioned defendants were acting within the scope of their employment at the times of the incidents giving rise to the cause of action. All defendants have acted and continue to act under the color of law in the State of Illinois at all times relevant to this complaint, their deprivation of Petitioner's constitutional and statutory rights are set forth in the following statements of facts and causes of action.

**FACTS**

13. On or around 31 December 2017, Plaintiff was housed in Division 4 of the Cook County Department of Correction.

14. On or around December 31, 2017 when Plaintiff returned to his cell from the gym, all of his belongings were not in his cell. Plaintiff then went to the tier officers to report the incident and asked the officers to review the video to see if they could determine who took his belongings.

15. The tier officers took Plaintiff to the holding area while they looked over the video. By that time, it was nearly time for the second shift officers to start their shift.

16. When the second shift officers came on duty, they did not know about Plaintiff's missing property. Instead, they thought Plaintiff was in holding area because he had refused housing.

17. Plaintiff informed the officers multiple times that he was not refusing housing but was in the holding area because of his missing properties. The officers including Sgt. Dae and Sgt. Anderson told Plaintiff they did not know what was going on. Plaintiff asked them to look over the video.

18. Sgt. Dae and Sgt. Anderson then told Plaintiff to turn around and they handcuffed him. They left the holding cell and when they returned later, they had several other officers with them. Sgt. Anderson sprayed Plaintiff's face with mace whiles Sgt. Dae recorded the incident with a camcorder. The officers slammed Petitioner to the ground. Plaintiff hit his head on the hard floor surface causing injury to hid head. Sgt. Anderson and other officers put their knees on Petitioner's back after slamming him to the ground. They then proceeded to drag

4

Petitioner on the floor down the hallway with his pants down showing his buttocks. Plaintiff suffered a head and back injuries as a result of being slammed to the ground by the officers.

19. Petitioner lost his consciousness after he hit his head on the concrete floor and he was rushed to Stroger Hospital where he was diagnosed with blunt head trauma and back injuries.

20. When Plaintiff returned to the County Jail, he was moved to Division 8 Cermak Unit and was never issued a disciplinary ticket or charged with refusing housing.

21. Plaintiff continued to receive treatment for his head and back injuries while at Cermak for over six weeks.

22. Plaintiff cooperated with the officers when they handcuffed him and did not pose threat to them or himself.

23. As a result of Defendant Officers' misconduct, Plaintiff suffered a head and back injuries.

24. The acts of Defendant Officer were intentional, willful and wanton.

25. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Use of Excessive Force

26. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

27. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

28. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, DONOVAN JOHNSON, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Failure to Intervene

29. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

30. The actions of Defendant Officers constituted unreasonable, unjustifiable, and unlawful excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

31. Defendant Officers failed to intervene when Plaintiff was unreasonably seized and beaten, as alleged above, even though there was no legal basis for it.

32. The aforementioned actions of Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

33. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the

violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, DONOVAN JOHNSON, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: Intentional Infliction of Emotional Distress (State Law Claim)

34. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**35.** The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

**36.** Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**37.** Defendant THOMASOM DART is sued in this through the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty as employees of Defendant THOMAS DART, and while acting with in the scope of their respective employment.

**38.** Defendant COUNTY OF COOK is sued in this through the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of

while on duty as employees of Defendant COUNTY OF COOK, and while acting within the scope of their respective employment.

39. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, DONOVAN JOHNSON, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
DONOVAN JOHNSON

**By:** **/S/***Saani Mohammed*
**Saani Mohammed, Esq.**

MOHAMMED-LAW LLC
73 W. Monroe Street, Suite 103
Chicago, Illinois 60603
T: 773-823-4343
E: saani@mohammedlawfirm.com