IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donovan Johnson, ) | |
| ) | |
| Plaintiff, ) | No. 20 C 6500 |
| ) | |
| v. ) | |
| ) | Judge |
| Thomas Dart, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendants, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Bianca Brown, and answers Plaintiff's Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Admit.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER: Admit.**

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER: Admit.**

4. Proper venue is this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Cook County, Illinois, and pursuant to 18 U.S.C. § 1965

**ANSWER: Admit.**

5. Plaintiff previously filed a Complaint under #19CV04663 on August 21, 2019. Upon information and believe that matter was dismissed for want of prosecution on November 22, 2019. The case is being refiled pursuant to 735 ILCS 5/13-217 of the Illinois Code of Civil Procedure which states in a part that a party may refile an action within a year if such action was dismissed for want of prosecution.

**ANSWER: Admit.**

## PARTIES

6. Plaintiff DONOVAN JOHNSON is a citizen of the United States of America, who, at all times relevant was a detainee at CCDOC and a resident of Cook County, Illinois.

**ANSWER: Defendants lack knowledge of Plaintiff's citizenship. Defendants admit the remaining allegations contained in paragraph 6.**

7. Defendant Sergeant Day # 3251 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Sergeant Day #3251 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 7.**

8. Defendant Lieutenant Ludwig # 710 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Lieutenant Ludwig #710 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 8.**

9. Defendant Officer Johnson # 17782 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Officer Johnson #17782 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 9.**

10. Defendant Officer Parker # 16994 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Officer Parker #16994 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 10.**

11. Officer Garcia # 17371 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER:  Defendants admit that Officer Garcia #17371was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint.  Defendants deny the remaining allegations contained in paragraph 11.**

12.     Officer McSwain # 17055 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Officer McSwain #17055 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 12.**

13.     Defendant Officer Mendoza # 17037 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER:  Defendants admit that Officer Mendoza #17037 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 13.**

14.     Defendant Officer Serrano # 17559 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Officer Serrano #17559 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 14.**

15. Defendant CCSPA Operator Lauren # 254 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that CCSPA Operator Lauren #254 is employed with the Cook County Sheriff's Department. Defendants deny the remaining allegations contained in paragraph 15.**

16. Defendant Sergeant Anderson #3272 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Sergeant Anderson #3272 was a correctional officer with the Cook County Sheriff's Office at the time alleged in this complaint. Defendants deny the remaining allegations contained in paragraph 16.**

17. Defendant UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, a duly licensed Cook County Sheriff Correctional Officer. They engaged in the conduct complained of in the course and scope of their employment and under color of law. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual capacities.

**ANSWER: Deny.**

18. Defendant THOMAS DART was, at all times relevant, the Sheriff of the Cook County. As a duly elected Sheriff of Cook County, Dart operates in his official capacity as the Cook County Sheriff's Officer (the "Sheriff's Office".) He is the Warden of the CCDOC, where he was given custody and charge of Petitioner and was responsible Petitioner's protection, as well as hiring, training and supervision of all personal necessary to operate and maintain the CCDOC. He is sued in his official capacity.

**ANSWER: Defendant Dart admits that he is being sued in his official capacity as the Sheriff of Cook County. Defendant Dart denies the remaining allegations contained in paragraph 18.**

19. Defendant County of Cook is a local public entity under the laws of the State of Illinois. At all times relevant Sgt. Day, Sgt. Anderson, Sgt. Ludwig, Ofc. Johnson, Officer Parker, Officer Garcia, Officer McSwain, Officer Mendoza, Officer Serrano, CCSPD Operator Lauren, Tom Dart and all Unknown Officers were employees and officers of Cook County. It is being sued in its official capacity.

**ANSWER: Defendants admit that the County of Cook is a public entity in the State of Illinois. Defendants are employees of the Cook County Sheriff's Office. The County of Cook indemnifies the employees of the Cook County Sheriff's Office. Defendants deny the remaining allegations contained in paragraph 19.**

20. All mentioned defendants were acting within the scope of their employment at the times of the incidents giving rise to the cause of action. All defendants have acted and continue to act under the color of law in the State of Illinois at all times relevant to this complaint, their deprivation of Petitioner's constitutional and statutory rights are set forth in the following statements of facts and causes of action.

**ANSWER: Defendants admit that they are employed with the Cook County Sheriff's Office and was within the scope of their employment during the time alleged in the complaint. Defendants deny the remaining allegations contained in paragraph 20.**

### FACTS

21. On or around 30 December 2017, Plaintiff was housed in Division 4 of the Cook County Department of Correction.

**ANSWER: Admit.**

22. On or around December 30, 2017 when Plaintiff returned to his cell from the gym, all of his belongings were not in his cell. Plaintiff then went to the tier officers to report the incident and asked the officers to review the video to see if they could determine who took his belongings.

**ANSWER: Deny.**

23. The tier officers took Plaintiff to the holding area while they looked over the video. By that time, it was nearly time for the second shift officers to start their shift.

**ANSWER: Deny.**

24. When the second shift officers came on duty, they did not know about Plaintiff's missing property. Instead, they thought Plaintiff was in holding area because he had refused housing.

**ANSWER: Deny.**

25. Plaintiff informed the officers multiple times that he was not refusing housing but was in the holding area because of his missing properties. The officers including Sgt. Day and Sgt. Anderson told Plaintiff they did not know what was going on. Plaintiff asked them to look over the video.

**ANSWER: Deny.**

25. Sergeant Day and Sergeant Anderson then told Plaintiff to turn around and they handcuffed him. They left the holding cell and when they returned later, they had several other officers with them, including Officer Mendoza, Officer Johnson, Officer Garcia, Officer McSwain and Officer Garcia. Sgt. Anderson sprayed Plaintiff's face with mace whiles Sgt. Mendoza recorded the incident with a recording devise. Lieutenant Ludwig ordered Officer Johnson, Officer Garcia, Officer McSwain and Officer Parker slammed Petitioner to the ground. Lieutenant Ludwig also participated in slamming Petitioner to the ground. Officer Serrano, Officer Mendoza and Sergeant Day were all present and they stood by as their fellow officer slammed Plaintiff to the ground without intervening.

**ANSWER: Deny.**

26. As a result of the officers' conducts Plaintiff hit his head on the hard floor surface causing injury to hid head. Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Garcia, and Officer Parker put their knees on Petitioner's back and legs after slamming him to the ground. They then proceeded to drag Petitioner on the floor down the hallway with his pants down showing his buttocks. Plaintiff suffered a head and back injuries as a result of being slammed to the ground by the officers.

**ANSWER: Deny.**

27. Petitioner lost his consciousness after he hit his head on the concrete floor and he was rushed to Stroger Hospital where he was diagnosed with blunt head trauma and back injuries.

**ANSWER: Deny.**

28. When Plaintiff returned to the County Jail, he was moved to Division 8 Cermak Unit and was never issued a disciplinary ticket or charged with refusing housing.

**ANSWER: Deny.**

29. Plaintiff continued to receive treatment for his head and back injuries while at Cermak for over six weeks.

**ANSWER: Defendants lack knowledge as to the truth of the allegations contained in paragraph 29.**

30. Plaintiff cooperated with the officers when they handcuffed him and did not pose threat to them or himself.

**ANSWER: Deny.**

31. As a result of Defendant Officers' misconduct, Plaintiff suffered a head and back injuries.

**ANSWER: Deny.**

32. The acts of Defendant Officer were intentional, willful and wanton.

**ANSWER: Deny.**

33. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER: Deny.**

**COUNT I: 42 U.S.C. § 1983 – Use of Excessive Force**

34. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER: Defendant re-states their answers to Plaintiff allegations in the above paragraphs as though fully set forth herein.**

35. The actions of Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Parker, Officer Garcia and Officer McSwain constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER: Deny.**

36. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER: Deny.**

**COUNT II: 42 U.S.C. § 1983 – Failure to Protect and Intervene**

37. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendant re-states their answers to Plaintiff allegations in the above paragraphs as though fully set forth herein.**

38. The actions of Defendant Officers constituted unreasonable, unjustifiable, and unlawful excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

**ANSWER: Deny.**

39. Defendant Sergeant Day, Officer Mendoza and Officer Serrano failed to intervene when Plaintiff was unreasonably seized and beaten, as alleged above, even though there was no legal basis for it.

**ANSWER: Deny.**

40. The aforementioned actions of Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER: Deny.**

41. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER: Deny.**

**COUNT III: Intentional Infliction of Emotional Distress (State Law Claim)**

42. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendant re-states their answers to Plaintiff allegations in the above paragraphs as though fully set forth herein.**

43. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER: Deny.**

44. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER: Deny.**

45. Defendant THOMAS DART is sued in this through the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty as employees of Defendant THOMAS DART, and while acting within the scope of their respective employment.

**ANSWER: Deny.**

46. Defendant COUNTY OF COOK is sued in this through the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty as employees of Defendant COUNTY OF COOK, and while acting within the scope of their respective employment.

**ANSWER: Deny.**

47. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

**ANSWER: Deny.**

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's complaint, Defendants allege the following separate affirmative defenses against Plaintiff.

1. Defendants conduct was at all times objectively reasonable and did not violate any of Plaintiffs' clearly established Constitutional rights. In the instant action, Plaintiff cannot establish that Defendants violated a clearly established constitutional right of which a reasonable person would have known. Rather, each step taken by Defendants were proper and reasonable.

2. Defendants are entitled to the defense of Qualified Immunity as defined by the Illinois Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et seq., (1995 as amended) and as such can avail themselves of any and all immunities and defenses provided for therein.

3. Pursuant to § 2-201 of the Tort Immunity Act, Defendants are entitled to immunity where a public employee serving in a position involving the determination of policy or

the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

4. Pursuant to § 2-202 of the Tort Immunity Act, Defendants are not liable for any injury arising from their acts or omissions in the execution or enforcement of any law as their alleged actions did not constitute willful or wanton conduct. Pursuant to § 2-204 of the Tort Immunity Act, Defendants are not liable for any injury that was caused by the act or omission of another person.

5. Under Section 1997(e)a of the Prisoner Litigation Reform Act, plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages. Plaintiff did not exhaust his administrative remedies.

6. Defendants reserve the right to name affirmative defenses as they become known through further discovery or otherwise in this action.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order: (a) dismissing Plaintiff's complaint with prejudice and assessing costs against Plaintiff and (b) providing such other and further relief that this Honorable Court deems necessary and appropriate.

## JURY DEMAND

Defendants demand a trial by jury.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: /s/Bianca B. Brown

Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60601