IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 6500 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow, Jr. |
| Sheriff Dart, et.al | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, County of Cook, Sheriff Thomas Dart, Sgt. Olivia Day, Sgt. Tamara Anderson, Investigator Daniel Johnson, Officer Michael Parker, Officer Crystal McSwain, Officer Christina Mendoza, Officer Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig ("Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jorie R. Johnson, pursuant to Federal Rule of Civil Procedure 12(b)(6), who respectfully move this Court to dismiss Plaintiff's complaint. In support of this motion, Defendants' state the following:

**INTRODUCTION**

Plaintiff Donovan Johnson was a pretrial detainee at Cook County Jail ("CCJ"). Plaintiff's Amended Complaint alleges he was a housed in Division 4 at CJJ, and, on December 30, 2017, he was returning from the gym to his cell. (*Pl.'s Amended Compl., Dkt. No. 9, at pg. 1.*) Plaintiff alleges he discovered property was missing from his cell and he reported the incident to the tier officer. (*Id. at pg. 5*) Plaintiff further claims that he asked them to review the video footage and while he was waiting, he was brought to a holding area. (*Id.*) During the time Plaintiff was waiting, he claims the next shift of officers came on duty including Sgt. Day and Sgt. Anderson. (*Id.*) Unaware of why Plaintiff was in the holding area, Plaintiff alleges both Sergeants Day and Anderson assumed he was refusing housing despite his attempts to tell them otherwise. (*Id.*)

Plaintiff then alleges that Sgt. Day and Sgt. Anderson left the holding area but then later returned with several other officers including Officer Mendoza, Officer Garcia, Officer McSwain, and Investigator Johnson. (*Id.*) Plaintiff alleges that Sgt. Anderson sprayed Plaintiff in the face with mace while Officer Mendoza recorded the incident. (*Id.*) Then Plaintiff further claims that Lt. Ludwig ordered Investigator Johnson, Officer Garcia, Officer McSwain, and Officer Parker to use excessive force against him, while participating himself. (*Id.*) Plaintiff continues to allege that Officer Serrano, Officer Mendoza, and Sgt. Day were all present but did not intervene. (*Id.*) Plaintiff claims he lost consciousness and had to be rushed to Stroger Hospital for treatment. (*Id. at pg. 6*)

As explained below, this Honorable Court should dismiss Plaintiff's Amended Complaint in its entirety and should grant Defendants' Motion to Dismiss because his claims are barred by the statute of limitations and no equitable doctrine applies to save them, resulting in Plaintiff failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Additionally, with respect to the claim against Cook County and Sheriff Dart, Plaintiff has only named these Defendants based on their alleged roles as employers and/or supervisors of named Defendant Officers, Sergeants, and Lieutenant, in which they cannot be held liable, thus Plaintiff fails to state a claim against them as well.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a court may dismiss a claim if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), "we must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them". (*Id*. at 1521).

To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Second, its allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly.* 550 U.S. 544).

A claim for relief is plausible if the well-pleaded facts allow the Court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And although the Court treats as true all of the facts alleged in the complaint and draws all reasonable inferences from them in the plaintiff's favor, the Court need not accept those legal conclusions couched as factual allegations. *Id.* at 1949-50. Furthermore, a court is not "required to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted). Also *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (dismissal for failure to state a claim may be appropriate where plaintiff pleads facts establishing that his claims are time-barred)

## ARGUMENT

### I. Plaintiff cannot stop the statute of limitations by refiling a previously dismissed lawsuit

Plaintiff waited until more than a year after the statute of limitations had run to file suit and therefore the suit must be dismissed. Though pleading the theory that the law permits the "refiling," Plaintiff is simply wrong. The filing of a suit stops the running of the statute of limitations, though only contingently. It is true that if the suit is later dismissed with prejudice, any issue concerning the bar of the statute of limitations to the refiling of the suit will be moot because a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata. But if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued ,without interruption by that filing. E.g., *Conover v. Lein,* 87 F.3d 905, 908-09 (7th Cir. 1996); *Beck v. Caterpillar Inc.,* 50 F.3d 405, 407 (7th Cir. 1995); *Powell v. Starwalt,* 866 F.2d

964, 966 (7th Cir. 1989); *Chico-Velez v. Roche Products, Inc.,* 139 F.3d 56, 59 (1st Cir. 1998); *Johnson v. Nyack Hospital,* 86 F.3d 8, 11 (2d Cir. 1996); *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir. 1995).

In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. E.g., *Beck v. Caterpillar Inc., supra,* 50 F.3d at 407; *Lambert v. United States,* 44 F.3d 296, 298 (5th Cir. 1995); *Dade County v. Rohr Industries, Inc.,* 826 F.2d 983, 989 (11th Cir. 1987). Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). The Seventh Circuit has been clear on this and therefore this lawsuit should be dismissed with prejudice for violation of the statute of limitations. No other importation of state law provides relief from this precept.

II. **Plaintiffs use of a State Statute was improper to revive a previously filed case**

According to Illinois Law, the "Illinois' savings statute, 735 ILCS 5/13-217, . . . tolls limitations for one year following voluntary dismissal." *Dunn v. City of Chi.*, 231 F.R.D. 367, 376 (N.D. Ill. 2005). However, state statutes do not apply in the case at bar because "federal rules always control in federal court," *Whitlock Corp. v. Deloitte & Touche, L.L.P.*, 233 F.3d 1063, 1065 (7th Cir. 2000), and this case was involuntarily dismissed under Fed. R. Civ. P. 41(b).

The Plaintiff in this matter previously filed this case in the United States District Court for the Northern District of Illinois Eastern Division as case number 19-cv-04663. Plaintiff's case was dismissed on November 22, 2019 for want of prosecution due to failure to effectuate service on Defendants and to update his address as required by court rules. On November 2, 2020 plaintiff filed this complaint under case number of 20-cv-6500 using Illinois statute 735 ILCS 5/13-217 to revive the previously filed 2019 case. The Illinois savings statute "revives" a plaintiff's earlier, timely-filed complaint beyond the limitations period, where no adjudication on the merits has been obtained and the complaint has been dismissed for procedural reasons." *Bonds v. City of Chi.*, No. 16 C 5112, 2017 U.S.

Dist. LEXIS 24353, at *11 (N.D. Ill. Feb. 22, 2017) (citing *Mercantile Holdings v. Feldman*, 258 Ill. App. 3d 748, 630 N.E.2d 965, 968, 196 Ill. Dec. 800 (Ill. App. Ct. 1994)).

However, this statute cannot be applied to the current case at bar. In *Gholson v. Lewis*, the Court discussed *Beck v. Caterpillar, Inc.,* 855 F. Supp. 260, 264-65 (C.D. Ill. 1994), noting that in the *Beck*, the Court in that case defined the issue as "whether the Illinois savings statute could be used to toll the statute of limitations on a federal claim refiled in federal court . . . [and] [t]he court found that since there was federal question jurisdiction, federal procedural law would apply and the Illinois savings statute was inapplicable . . . ." *Gholson v. Lewis*, No. 07 C 3694, 2008 U.S. Dist. LEXIS 25019, at *13 (N.D. Ill. Mar. 26, 2008) (citations omitted).

Though it is true that in *Pettiford v. Sheahan* the District Court stated that a plaintiff is able to use the Illinois' savings statute "to refile a suit dismissed without prejudice or for want of prosecution within one year of dismissal, even though the limitations period has run since the first suit was filed." *Pettiford v. Sheahan*, No. 02 C 1777, 2002 U.S. Dist. LEXIS 11911, at *9 (N.D. Ill. June 2, 2002). However, this statement involved a suit that had been first filed in state court, which was then dismissed without prejudice. *Id.* The case at bar is based on federal question jurisdiction and had never been brought in state court. Additionally, this case was involuntarily dismissed under Fed. R. Civ. P. 41(b), and even if state statutes were applicable to revive federal cases, the statute "tolls limitations for [only] one year following *voluntary* dismissal." *Dunn*, 231 F.R.D. at 376 (emphasis added). Plaintiff cannot use the Illinois' saving statute to extend the limitations period and revive this case in federal court.

### III. Plaintiff's claims against Defendant's are barred by the statute of limitations.

Chapter 42 U.S.C. § 1983 provides no explicit statute of limitations. The limitations period is borrowed from the forum state's analogous personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007). In Illinois, the applicable statute of limitations for a § 1983 claim is two years. *Licari v. City of Chi.*, 298 F.3d 664, 667-68 (7th Cir. 2002). To be sure, the statute of limitations defense is an

5

affirmative defense and a complaint need not anticipate or overcome an affirmative defense. *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). But if the affirmative defense is conclusively established based on the allegations in the complaint, concessions of the plaintiff, or any other material appropriate for consideration on a motion to dismiss, then the defense may prevail. *Arnold v. Janssen Pharmaceutica*, 215 F. Supp. 2d 951, 959 (N.D. Ill. 2002).

Here, there is no debate that Plaintiff did not file his claims against the Defendants within the limitations period. Plaintiff alleges he had excessive force used against him by Defendants, while other Defendants simultaneously failed to protect him on December 30, 2017. Consequently, the statute of limitations on Plaintiff's claims expired on December 30, 2019. Plaintiff filed his original complaint under case number 19-cv 04663 on August 21, 2019. That complaint named Sergeant Anderson and Sergeant Day. ( *See Dkt.* 6 in case 19-cv-4663). The Court then dismissed this complaint on November 22, 2019 for want of prosecution, one of the factors being the defendants were never served the complaint. (see. Dkt. 11-12 in case 19-cv-4663) Plaintiff then waited almost a year after dismissal to file a new complaint on November 2, 2020 naming THOMAS DART, COUNTY OF COOK, SGT. DAE, SGT. ANDERSON. (see Dkt. 1) Plaintiff did alert the court through a status report that Plaintiff would seek to amend the complaint to add parties. (See Dkt. 8)

Plaintiff finally amended his complaint and which added Defendants THOMAS DART, COUNTY OF COOK, SGT. DAY#3251, SGT. ANDERSON #3272, Lt. Ludwig #710, Officer Johnson #177182, Officer Parker #16994, Officer Garcia # 17371, Officer McSwain #17055 in February of 2021, well after the statute of limitations had ran. (See Dkt. 9, 11). Accordingly, construing all reasonable facts in his favor, Plaintiff's claims against Defendants accrued December 30, 2017 but were not filed until November 2, 2020 and are time barred. In addition, Lt. Ludwig #710, Officer Johnson #177182, Officer Parker #16994, Officer Garcia # 17371, Officer McSwain #17055 were not named until February 2021 even if plaintiff could have used the Illinois saving statute, it is clear from the 4 corners

of the Amended Complaint that these new defendants have a statute of limitations defense and no relation-back theory applies.

### IV. The relation-back doctrine does not apply here because Plaintiff does not meet the sequential or mistake elements required for the application of relation-back.

A party may apply the relation back doctrine when: "(a) the law that provides the applicable statute of limitations allows relation back; (b) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleadings; or (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in amendment." 28 U.S.C.A., FRCP Rule 15. (*Id.* at 592).

Furthermore, under Fed. R. Civ. P. 15(c)(1)(C) the Court also considers if the relation-back doctrine applies when examining whether the defendants knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity. The relation-back doctrine is applicable when an amendment is made that relates back to the original pleading that runs the statute of limitation, however it is limited to the occurrence as described in the original pleading. *Miller v. Illinois Bell Tel. Co.,* 157 F. Supp. 3d 749, 752 (N.D. Ill. 2016). The statute of limitations still applies and bars the application of relation back doctrine if the original pleading is filed after the statute of limitations as described in 735 ILCS 5/13-202, on personal injury cases for plaintiffs involved in criminal prosecution. (*Id.* at 752); 735 ILCS 5/13-202.

    a. **Plaintiff cannot meet sequential element of relation-back doctrine.**

The relation-back doctrine is allowed when the amendment is allowed by the statute of limitations and the events arose out of the same occurrence, or the original complaint contained a mistake on the parties involved. 28 U.S.C.A., FRCP Rule 15. Federal statute of limitations states that a plaintiff has two years from when the event occurred for a complaint to be filed for tort liability rising out of negligence. 28 U.S.C., FTCA §2401(b). Illinois statute of limitations states that a plaintiff has

7

one year from the event to state a claim of action against local governments and government employees. 745 ILCS 10/8-101.

The Plaintiff's original claim arises from a §1983 Federal claim, which allows for a two-year state of limitation. *Hunt ex rel. Chiovari v. Dart,* 612 F. Supp. 2d 969 (N.D. Ill. 2009). The events for which this complaint arises occurred on December 30, 2017. Plaintiff alleged in his complaint that injury occurred due to use of excessive force, failure to intervene and that he also suffered from intentional infliction of emotional distress. (See *Dkt*. 9.) Since Plaintiff claim for action occurred on before December 30th, 2017, he needed to have filed his complaint before the statute of limitations ran on or before December 30th, 2019. Plaintiff filed his original claim on August 21st, 2019 under case number 19-cv-04663, which was timely filed but the court dismissed the matter for "want of prosecution on November 22, 2019. (see *Dkt.* 9 at Pg. 2).

In order for relation-back doctrine to apply, Rule 4(m) provides that a prospective defendant must receive "such notice of the action that [he] will not be prejudiced in defending on the merits" within 90 days after the original complaint is filed. Fed. R. Civ. P. 15(c)(1)(C)(i); Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 15 advisory committee's note on 1991 amendments ("If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification"). In order for relation-back doctrine to apply, Plaintiff would have needed to file and serve an amended complaint to Defendants 90 days from his first complaint filed. Plaintiff clearly missed this time period, as this is why his first case was dismissed for failure to serve defendants under Rule 4(m). (see Dkt 9. at Pg. 2).

Furthermore, Plaintiff instead of trying to revive his dismissed case due for failure of want of prosecution by amending the complaint within the statute of limitations (which had not yet run), decided to wait almost 12 months from dismissal to file an entirely new case. See ( see Dkt. 1) Plaintiff added new party defendants to this newly filed complaint on November 2, 2020 and then again amended his complaint on February 8, 2021 which is nearly 15 months after his original complaint was dismissed.

8

Plaintiff clearly missed the 90-day window to submit an amended complaint that related-back to his original complaint. Moreover, the relation-back doctrine does not apply to amendments made to a claim that was filed after the statute of limitations had ran and so Plaintiff's amended complaint does not meet the sequential requirements as stated in Rule 15 for the proper application of relation back doctrine.

      **b.** **<u>Plaintiff does not meet the mistake requirement for the relation-back doctrine.</u>**

Rule 15 allows for relation-back if there was a mistake with the original complaint filed. 28 U.S.C.A., FRCP Rule 15. A party may amend their complaint if there is an issue with the parties listed in the original complaint to provide clarification on the parties named, however unnamed parties in the original complaint cannot be amended to include new facts. 28 U.S.C.A., FRCP Rule 15. Here there is no question that the Plaintiff did not make a mistake in his original complaint filing. The original complaint by Plaintiff list only current Defendants Sergeant Anderson and Sergeant Day. When Plaintiff filed his new complaint on November 2, 2020, he then named additional Defendants and included Thomas Dart, Cook County, and other unnamed officers. Plaintiff did not name all currently named Defendants until he amended his second filed complaint on February 8th, 2021.

Rule 15 bars the admission of new facts in amended complaints with respect to relation-back application, and the addition of new defendants should accordingly not be accepted by the court in amended complaints. Furthermore, Plaintiff never named a "John Doe" or "Unnamed Officer" defendant in his original complaint. There is, therefore, nothing to relate-back to. Although Plaintiff named the "Unknown Officers" in his second complaint, that was a totally new complaint filing and does not apply to the relation-back doctrine. But even if Plaintiff had used the "John Doe" or "Unknown Officer" moniker, that would not have been sufficient either because that is not a "mistake" within the purview of Fed. R. Civ. P. 15(c)(1)(C). "A plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity … Accordingly, once the statute of limitations period expires, [a plaintiff] cannot amend his complaint to

substitute a new party in place of 'John Doe.'" *Gomez v. Randle*, 680 F.3d 859, 864, n.1 (7th Cir. 2012) (internal citation omitted); see also *Mohamed v. WestCare Ill., Inc.*, 786 Fed. Appx. 60, 61 (7th Cir. Nov. 26, 2019); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, J., concurring). Plaintiff bore the burden of determining the correct defendants and doing so before the statute of limitations ran. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 562 (7th Cir. 1996).

Plaintiff did not determine who to sue, however, and the statute of limitations expired before the individuals were named and waived service to challenge the complaint on statute of limitations grounds. Plaintiff waited over 10 months after the statute of limitations expired to file a complaint, which still did not name the apparently correct defendants, and then another 3 months to submit an amended complaint is the exact opposite of a "mistake ". Plaintiff cannot provide any valid excuse as to why an amendment to the original claim on the grounds of mistake can be properly applied with the relation-back doctrine under 28 U.S.C.A., FRCP Rule 15. For the reasons above it is clear that the relation back doctrine does not apply in this case and the Court should dismiss this case.

**V.** **<u>Equitable tolling does not apply because Plaintiff failed to exercise reasonable diligence.</u>**

The doctrine of equitable tolling permits a plaintiff to file suit after the statute of limitations expires if, through no fault or lack of diligence on his part, he was unable to sue before, even though the defendant took no active steps to prevent him from suing. *Donald v. Cook County Sheriff's Department*, 95 F.3d 548,561. Because the statute of limitations for § 1983 claims is borrowed from state-law, the corresponding state-law rules for equitable tolling apply. *Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014); *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001).

As the party seeking to utilize equitable tolling, Illinois law places the burden on the Plaintiff to show: (i) that he pursued his rights diligently, and (ii) that some extraordinary circumstance stood in his way and prevented timely filing. *Clay*, 727 N.E.2d at 223; *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016). "While equitable tolling is

recognized in Illinois, it is rarely applied." *Am. Family Mut. Ins. Co. v. Plunkett*, 2014 IL App (1st) 131631, 383 Ill. Dec. 393, 14 N.E.3d 676, 681 (Ill. App. 1st Dist. 2014). It exists only "where a plaintiff was prevented from asserting his or her rights in some extraordinary way." *Ralda-Sanden v. Sanden*, 2013 IL App (1st) 121117, 989 N.E.2d 1143, 1149, 371 Ill. Dec. 215 (Ill. App. 1st Dist. 2013). "Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Id.* (citing *Thede v. Kapsas*, 386 Ill. App. 3d 396, 897 N.E.2d 345, 352, 325 Ill. Dec. 97 (Ill. App. 3rd Dist. 2008). (quoting *Ibanez-Vazquez v. Dart*, No. 19 C 5269, 2021 U.S. Dist. LEXIS 30265, at *6 (N.D. Ill. Feb. 18, 2021)). In the Seventh Circuit, equitable tolling is granted sparingly. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 930 (7th Cir. 2015). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

In order to obtain the benefit of equitable tolling, the Plaintiff must have established some effort to name the parties in interest prior to the expiration of the statute of limitations—and it is his burden to prove that he made such an effort. *See Freeman v. U.S. Postal Service*, 1991 U.S. Dist. LEXIS 16787, at *2 (N.D. Ill. Nov. 15, 1991) ("A presumption exists that the plaintiff could have filed within the statutory period, and he must show why he could not have learned of the deadline through due diligence"). Furthermore, "Illinois does not toll the statute of limitations for inmates" as a matter of course, "nor does it consider a lack of resources extraordinary to equitably toll the statute of limitations."*Barwicks v. Dart*, No. 14-cv-8791, 2016 U.S. Dist. LEXIS 80958, at *20 (N.D. Ill. June 22, 2016) (quoting *Bryant v. City of Chicago*, 746 F.3d 239, at 242 (7th Cir. 2014)).

At a minimum, this would have required Plaintiff to submit discovery requests seeking the names of any individual defendant he did not know, and if he did not receive responses to those requests, to file a motion to compel. *See Hines v. City of Chi.*, 91 Fed. Appx. 501, 503 (7th Cir. 2004). This would have included when Plaintiff was incarcerated while the statute of limitations was running

11

and after Plaintiff was released. Plaintiff made no such efforts to discover all the identities of all the named Defendants while incarcerated when he filed his first complaint 19-cv-4663, which dismissed involuntarily on the merits by this Court for want of prosecution. (*See Case 19-cv-4663 Dkt*. 11-12). Plaintiff never even served the two named defendants in that previously filed case. Once Plaintiff was release from incarceration and still had time before the statute of limitations ran, he still did not attempt to issue any discovery or even re-file or appeal his previously filed complaint.

      Although Plaintiff eventually retained counsel in July of 2020 this was well after the statute of limitations had already ran. Plaintiff then proceeded to wait file suit and submit a Freedom of Information Act request, which would have been insufficient for equitable tolling purposes. *See Dandridge v. Cook Cty.*, 2013 U.S. Dist. LEXIS 94527, 2013 WL 3421834, at *6 (N.D. Ill. July 8, 2013) ("But Plaintiff's argument starts with the faulty premise that FOIA is a discovery tool… Plaintiff's counsel decision to use FOIA, rather than to file a suit or use multiple other available avenues…to identify the proper defendants, is not the fault of Defendants"). Because the record shows that Plaintiff's prior lawsuit was previously dismissed on the merits with barely a month before the statute of limitations was to end. Then Plaintiff waited eight months before hiring new counsel, who then waited an additional four months before filing suit on behalf of Plaintiff. Plaintiff's Counsel then chose to issue a FOIA request instead of a subpoena or discovery request to identify the correct additional defendants well past the 2-year statute of limitations, the Court should not apply equitable tolling here.

      The Plaintiff had ample time to name all the defendants within the statute of limitations period. But by intentionally waiting until after limitations period to file and amend his current operative complaint to name all additional defendants, the Plaintiff has frustrated the central functions underpinning the statute of limitations. The statute of limitations serves several purposes contemporaneously: it forces parties to litigate claims while the evidence is fresh; protects defendants from prejudice caused by the staleness of evidence; protects the rights of defendants to fair and timely

notice of claims against them; and grants prospective defendants relative security by allowing them to better estimate their legal obligations. *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (1981); *Cook v. City of Chicago*, 192 F.3d 693, 695-696 (7th Cir. 1999); *Cunningham v. City of Joliet*, 2019 U.S. Dist. LEXIS 45710, *15 (N.D. Ill. March 20, 2019). Plaintiffs failure to act diligently to identify the correct defendants and waiting until after statute of limitations deadline, has undermined these purposes. The Court should not reward this behavior. Because he cannot demonstrate the necessary degree of reasonable diligence, the Court should not apply equitable tolling Plaintiff's claims.

### VI. **Plaintiff has failed to plead sufficient factual allegations to ascribe liability on defendants' County of Cook and Sheriff Dart in his official capacity.**

A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). To prevail on a 42 U.S.C.S. §1983 claim, the plaintiff must show that the defendant's policymaking had a direct impact on the mistreatment of the plaintiff by employees. *Perkins v. Lawson,* 312 F.3d 872 (7th Cir. 2002). If the defendant is not present on the occasion for which the claim arises, then the "plaintiff must show the express policy or practices that are so widespread and implemented that it may constitute policy, or that the defendant is the final policy making authority that resulted in alleged injury." *Abbott v. Vill. of Winthrop Harbor,* 205 F.3d 976 (7th Cir. 2000).

In the current case at bar, the Plaintiff sued Defendants Cook County and Sheriff Dart as alleged employers of the named Defendant Officers, Sergeants and Lieutenant. Defendant Dart was not alleged to be present at the time of the alleged incident, making the claim one for official capacity. For a defendant to be sued at their official capacity under *respondeat superior*, the plaintiff must provide evidence that the defendant implemented policies or practices that were unconstitutional or resulted in injury. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978). Plaintiff never makes claims that there were policies implemented by Sheriff Dart or Cook County that resulted

13

in his injuries. Plaintiff also never asserts that any officers acted on any policies that caused harm to the Plaintiff that were implemented by Sheriff Dart or Cook County.

The Plaintiff has failed to identify specific policies or practices that resulted in the injury, as well as claim that such practices or policies were unconstitutional. If Defendants were not present during the alleged events and the Plaintiff does not specify which policies were implemented that resulted in the alleged constitutional violation, then the Defendants cannot be held liable under *respondeat superior.* If an employer's policy is not unconstitutional and the authority to interpretation and enforce the policy is given to an employee, the employer cannot be held liable under *respondeat superior. St. Louis v. Praprotnik,* 485 U.S. 112, 108 S. Ct. 915 (1988). The Plaintiff in this case has not alleged any unconstitutional policy that was implemented by CCDOC employees, nor shown that the Defendants were personally involved with the alleged unconstitutional treatment of the Plaintiff. The Court should therefore dismiss the Complaint against Defendants Sheriff Dart and County of Cook with prejudice.

In addition, it is well-established County of Cook is not the employer of the defendant officers for respondeat superior purposes. See Moy v. County of Cook, 244 Ill. App. 3d 1034, 614 N.E.2d 265, 266-68, 185 Ill. Dec. 131 (Ill. App. 1st Dist. 1993) (holding that Cook County was not liable for negligent conduct of Cook County Sheriff under respondeat superior because there was neither an employment nor an agency relationship between County and Sheriff). With no supervisory role over correctional officers, the County is entitled to dismissal despite the allegation of paragraph 19 to the contrary. In addition, there is no indemnification claim pleaded, so even if the Court construes County of Cook is a necessary party pursuant to Carver v. Sheriff of La Salle County, 203 Ill. 2d 497, 787 N.E.2d 127, 129, 272 Ill. Dec. 312 (Ill. 2003) (holding that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity"). Liability for indemnification purposes does not establish liability under the theory of respondeat superior so dismissal is appropriate.

## **CONCLUSION**

WHEREFORE, for the above stated reasons, as a matter of law under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants respectfully request that this Honorable Court enter and order: (a) dismissing Plaintiff's Complaint with prejudice against Sheriff Dart and the County of Cook, (b) staying all litigation until the Court rules on this motion, and (c) providing such other relief that this Honorable Court deems necessary and appropriate.

Respectfully submitted,

KIMBERLY M. FOX
State's Attorney of Cook County

By: */s/ Jorie R. Johnson*
Jorie R. Johnson
Jung A Kim, *Law Clerk*
Kathryn Pilling, *Law Clerk*
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7380
Jorie.Johnson@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

I, Jorie R. Johnson hereby certify that on June 29, 2021 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF).

/s/*Jorie R. Johnson*
Jorie R. Johnson