UNITED STATES DISTRICT COURT
FOR THE NORTHEARN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CV 6500 |
| | ) | |
| v. | ) | Judge Robert Dow, Jr. |
| | ) | |
| Sheriff Thomas Dart, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST MOTION TO DISMISS**

NOW COME Plaintiff, Donovan Johnson ("Plaintiff"), by and through his attorney, Saani Mohammed, files this response to the defendants' motion to dismiss. In support of this, Plaintiff states the following:

**INTRODUCTION**

Plaintiff, Donovan Johnson was housed in Division 4 of the Cook County Department of Correction. On or around December 30, 2017, Plaintiff went to the gym and when he returned, all of his belongings were not in his cell. Plaintiff then went to the tier officers to report the incident and asked the officers to review the video to see if they could determine who took his belongings. The tier officers took Plaintiff to the holding area while they looked over the video. By that time, it was nearly time for the second shift officers to start their shift.

When the second shift officers came on duty, they did not know about his missing property. Instead, they thought Plaintiff was in holding area because he had refused housing. Plaintiff informed the officers multiple times that he was not refusing housing but was in the holding area because of his missing properties. The officers including Sergeant Day and

Sergeant Anderson told him they did not know what was going on. He asked them to look over the video. Sergeant Day and Sergeant Anderson handcuffed him.

The officers left the holding cell and when they returned later, they had several other officers with them, including Officer Mendoza, Officer Johnson, Officer Garcia, Officer McSwain and Officer Garcia. Sergeant Anderson sprayed Plaintiff's face with mace whiles Sergeant Mendoza recorded the incident with a recording devise. Lieutenant Ludwig ordered Officer Johnson, Officer Garcia, Officer McSwain and Officer Parker slammed him to the ground. Lieutenant Ludwig also participated in slamming Petitioner to the ground. Officer Serrano, Officer Mendoza and Sergeant Day were all present and they stood by as their fellow officer slammed Plaintiff to the ground without intervening.

Plaintiff hit his head on the hard floor surface causing injury to his head. Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Garcia, and Officer Parker put their knees on Petitioner's back and legs after slamming him to the ground. They then proceeded to drag Petitioner on the floor down the hallway with his pants down showing his buttocks. Plaintiff suffered a head and back injuries as a result of being slammed to the ground by the officers.

Plaintiff lost his consciousness after he hit his head on the concrete floor and he was rushed to Stroger Hospital where he was diagnosed with blunt head trauma and back injuries. When Plaintiff returned to the County Jail, he was moved to Division 8 Cermak Unit and was never issued a disciplinary ticket or charged with refusing housing. Plaintiff continued to receive treatment for his head and back injuries while at Cermak for over six weeks.

Plaintiff cooperated with the officers when they handcuffed him and did not pose threat to them or himself. As a result of Defendant Officers' misconduct, Plaintiff suffered a head and back injuries.

On August 21, 2019, Plaintiff filed a pro se complaint under 19CV04663 against defendants Sergeant Day, Sergeant Anderson and all the other officers whose identities were unknown at the time. That case was dismissed on November 22, 2019, for want of prosecution. On November 2, 2020, Plaintiff

filed this complaint under 20CV6500 pursuant to Illinois Statute 735 ILCS 5/13-217. The lawsuit seeks damages for: (1) use of excessive force in violation of the Fourteenth Amendment to the United State Constitution; (2) failure to protect and intervene; and (3) committing the state law tort of intentional infliction of emotional distress.

On January 20, 2021, Plaintiff sent Waiver of Service to Defendants at the Richard Daley Center located at 50 W. West Washington Street, Room 700, Chicago IL 60602. The Waiver of Service was received on January 22, 2021. However, Defendants never returned a signed waiver to Plaintiff.

On February 26, 2021, Plaintiff served all the defendants with the summons and the complaints at ccsolegal@cookcountyil.gov.

On March 17, 2021, Assistant State's Attorney, Bianca Brown filed the state's appearance on behalf of all the defendants. On May 5, 2021, the state filed answers and affirmative defense to the complaint. The state has since withdrew that answer and affirmative defense. On June 29, 2021, the state filed a motion to dismiss as its answer to Petitioner's complaint claiming the complaint was time-barred.

## ARGUMENTS

### I. Plaintiff's complaint stated a claim upon which to grant a relief

Federal Rules of Civil Procedure (Rule) 12(b)(6) governs a motion to dismiss for failure to state a claim. (*Fed. R. Civ. P*. 12(b)(6); *See*, *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the

3

claim is and the grounds upon which it rests. (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

When reviewing a motion to dismiss under Rule 12(b)(6), a court we "must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." (*Gibson at* 1520) The claim for relief must be plausible. *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*. 550 U.S. 544)). A claim for relief is plausible if the well-pleaded facts allow the Court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court should treat as true all of the facts alleged in the complaint and draws all reasonable inferences from them in the plaintiff's favor. *Id*.

Here, the amended complaint states that on or about December 30, 2017, Plaintiff was housed at CCDOC. When he returned from the gym all of his belongings were not in his cell. He then went to the tier officers to report the incident and asked the officers to review the video to see if they could determine who took his belongings. The tier officers took him to the holding area while they looked over the video. By that time, it was nearly time for the second shift officers to start their shift.

When the second shift officers came on duty, they did not know about his missing property. Instead, they thought he was in holding area because he had refused housing. He informed the officers multiple times that he was not refusing housing but was in the holding area because of his missing properties. The officers including Sergeant Day and Sergeant Anderson told him they did not know what was going on. He asked them to look over the video. Sergeant Day and Sergeant Anderson handcuffed him.

4

The officers left the holding cell and when they returned later, they had several other officers with them, including Officer Mendoza, Officer Johnson, Officer Garcia, Officer McSwain and Officer Garcia. Sergeant Anderson sprayed Plaintiff's face with mace whiles Sergeant Mendoza recorded the incident with a recording devise. Lieutenant Ludwig ordered Officer Johnson, Officer Garcia, Officer McSwain and Officer Parker slammed him to the ground. Lieutenant Ludwig also participated in slamming him to the ground. Officer Serrano, Officer Mendoza and Sergeant Day were all present and they stood by as their fellow officer slammed him to the ground without intervening.

As a result of the officers' conducts, he hit his head on the hard floor surface causing injury to his head. Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Garcia, and Officer Parker put their knees on his back and legs after slamming him to the ground. They then proceeded to drag him on the floor down the hallway with his pants down showing his buttocks. He suffered head and back injuries as a result of being slammed to the ground by the officers.

The complaint further stated Plaintiff lost his consciousness after he hit his head on the concrete floor and he was rushed to Stroger Hospital where he was diagnosed with blunt head trauma and back injuries. When he returned to the County Jail, he was moved to Division 8 Cermak Unit and was never issued a disciplinary ticket or charged with refusing housing. He continued to receive treatment for his head and back injuries while at Cermak for over six weeks.

The complaint also stated that Plaintiff cooperated with the officers when they handcuffed him and did not pose threat to them or himself. As a result of Defendant Officers' misconduct, he suffered a head and back injuries.

Clearly, the complaint states facts, if true, show defendants' conducts caused injuries to Plaintiff, as a result of which he is entitled to relief. Therefore, the complaint contains claims upon which to grant relief.

II. **Plaintiff's Amended complaint was timely filed against all defendants**

Section 1983 does not provide a specific statute of limitations. But 42 U.S.C.A. § 1988 states that where the federal law does not provide a statute of limitations, state law shall apply. In determining which state statute of limitation to apply in 1983 case, the Supreme Court has held that in the interest of national uniformity and predictability, all Section 1983 claims shall be treated as tort claims for the recovery of personal injuries. (*Wilson v. Garcia*, 471 U.S. 261 (1938)) If the state has various statutes of limitations for different intentional torts, the Supreme Court mandates that the state's general or residual personal injury statute of limitations should apply. (*Owens v. Okure*, 488 U.S. 235, 240 (1989)) Illinois's statute of limitation for personal injury is two years. (735 ILCS 5/13-202) In Illinois, the applicable statute of limitations for a § 1983 and personal injury claim is two years. See, (735 ILCS 5/13-202; *Licari v. City of Chi.,* 298 F.3d 664, 667-68 (7th Cir. 2002))

The Supreme Court has also held that the state tolling statutes apply to Section 1983 cases. (*Board of Regents v. Tomanio*, 446 U.S. 478 (1980)) In Illinois, the applicable state tolling statute is Section 5/13-217.

Section 5/13-217 of the Illinois Code of Civil Procedure provides that, if an action is dismissed for want of prosecution, the plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater. (735 ILCS 5/13-217) Section 13-217 is a savings statute designed to facilitate disposition of litigation on the merits and to avoid its frustration upon grounds unrelated to the merits. (*S.C. Vaughan Oil Co. v. Caldwell Troutt and Alexander*, 181 Ill. 2d 489 (1998)) A dismissal for want of prosecution is not a final and appealable judgment on the merits because, pursuant to Section 5/13-217, plaintiffs have an

absolute right to re-file the action against the same parties and to re-allege the same cause of action. (*Id*)

Here, the incident occurred on December 30, 2017, and the original complaint was filed within the two-year period on August 21, 2019, against Sergeant Day, Sergeant Anderson, and Unknown officers. The original complaint was dismissed on November 22, 2019, for want of prosecution. Petitioner re-filed the complaint on November 2, 2020, under a new case number. The claims in the re-filed case are not new, and they were against the same officers, except that the unknown officers are now known by their names and star numbers. The November 2, 2020, date is clearly within the one-year tolling period pursuant to Section 5/13-217. Therefore, Plaintiff's claim against the defendants is not time-barred.

### III. **Plaintiff has pled sufficient factual allegations to ascribe liability on defendants' County of Cook and Sheriff Dart in his official capacity under the doctrine of respondeat superior**

Illinois law recognizes the doctrine of respondeat superior. *See*, (*Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927 (1997)) Under this doctrine, an employer may he liable for the negligent, willful, malicious, or even criminal conducts of its employees when such acts are committed in the course of the employment and in furtherance of the business of the employer. (*Id*. at 932)

Here, Sheriff Dart as a duly elected Sheriff of County of Cook operates in his official capacity as the Cook County Sheriff's Officer. He is the Warden of the CCDOC, where he was given custody and charge of Petitioner and was responsible Petitioner's protection, as well as hiring, training and supervision of all personal necessary to operate and maintain the CCDOC. The defendant officers were all employees of the Sheriff's Office and were all working in their official capacities when they caused harm to Plaintiff. Clearly, Mr. Dart can be sued through respondeat Superior in a state tort case.

7

The complaint not only seeks damages under Section 1983, but also under state law tort of intentional infliction of emotional distress.

Similarly, defendant County of Cook is a local public entity under the laws of the State of Illinois. At all times relevant Sergeant. Day, Sergeant. Anderson, Sergeant. Ludwig, Officer. Johnson, Officer Parker, Officer Garcia, Officer McSwain, Officer Mendoza, Officer Serrano, CCSPD Operator Lauren, and Thomas Dart were employees and officers of Cook County, and were working in their official capacities when the incident occurred. Hence, the county can also be sued under respondeat superior. In addition, the county is a necessary party both under federal and state rules of civil procedures since it would be responsible for any monetary damages should the court award any in favor of Plaintiff. *See*, *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 787 N.E.2d 127, 129, 272 Ill. Dec. 312 (Ill. 2003)

## IV.     Defendants' motion to dismiss is improper

Statute of limitations defense is an affirmative defense, and a complaint need not anticipate or overcome an affirmative defense. *(See*, *Fed. R. Civ. Pro*. 8(c)(1); *U.S. Gypsum Co. v. Ind. Gas Co., Inc*., 350 F.3d 623, 626 (7th Cir. 2003)) A defendant must raise an affirmative defense within 21 days of being served with summons and complaint, unless there is a timely waiver of service, in which case 60 days. (*See*, *Fed. R. Civ. Pro*. 12(a)(b)) Here, Plaintiff served waivers of services on defendants on January 20, 2021. Defendants received the waivers but never returned the signed waivers to Plaintiff. On February 26, 2021, Plaintiff served defendants with the summons and complaints. An Assistant States Attorney filed her appearance on behalf of defendant on March 17, 2021, but waited for sixty-nine (69) days after receiving the summons and complaint to file a response. The state has since withdrawn that response, and instead filed this motion to dismiss on June 29, 2021, one-hundred and twenty-four (124) days after being served with the summons and complaint. The defendants cannot use a "motion to dismiss" to

8

avoid filing an answer and its defenses to the complaint as required by the Federal Rules of Civil Procedure. Therefore, this court must strike the defendants' motion to strike.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court strikes the defendants motion to dismiss, or in the alternative deny the motions, and provide such other reliefs the Court deems necessary and proper.

Respectfully Submitted,
DONOVAN JOHNSON


By: /S/*Saani Mohammed*
**Saani Mohammed, Esq.**

MOHAMMED-LAW LLC
73 W. Monroe Street, Suite 103
Chicago, Illinois 60603
T: 773-823-4343
E: saani@mohammedlawfirm.com

## CERTIFICATE OF SERVICE

I, Saani Mohammed hereby certify that on August 5, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF)

/S/*Saani Mohammed*
**Saani Mohammed, Esq.**