IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 6500 |
| | ) | |
| vs. | ) | Judge Robert M. Dow |
| | ) | |
| Sheriff Thomas Dart, et.al | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
FIRST MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, County of Cook ("Cook County"), Sheriff Thomas Dart, Sgt. Olivia Day, Sgt. Tamara Anderson, Investigator Daniel Johnson, Officer Michael Parker, Officer Crystal McSwain, Officer Christina Mendoza, Officer Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig ("Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jorie R. Johnson, and Replies to Donovan Johnson's ("Plaintiff") response in opposition to Defendants' Motion to Dismiss (the "Motion") as follows:

Plaintiff's Response only serves to restate the many pitfalls of the allegations of his original filed complaint and further the re-filing of that complaint. Rather than belabor the points and repeat the same arguments put forth in Defendants' Motion to Dismiss, Defendants reincorporate and restate their arguments and case law in support of their Motion to Dismiss. Additionally, Defendants' reply as follows:

**I.    Plaintiff's Amended Complaint Should be Barred by the Statute of Limitations**

Plaintiff's fails to respond to or distinguish against Defendants' cited cases that the one-year tolling period pursuant to 735 ILCS 5/13-217 does not apply to this case. That is precisely because Plaintiff did not properly name all Defendants in the original filing, nor even in the re-

filing of that Complaint. Plaintiff cannot now name new individual defendants because the statute of limitations has tolled. Therefore, dismissal with prejudice is appropriate.

On February 8, 2021, Plaintiff filed his Amended Complaint. He named the following individuals: County of Cook; Sheriff Thomas Dart**; Sgt. Olivia Day**; Sgt. Tamara Anderson; Investigator Daniel Johnson; Officer Michael Parker; Officer Crystal McSwain; Officer Christina Mendoza; Officer Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig. This was the first time that Plaintiff named Investigator Daniel Johnson; Officer Michael Parker; Officer Crystal McSwain; Officer Christina Mendoza; Officer Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig. (Dkt. 9). Further, after the Amended Complaint was filed this was the first time that Plaintiff had all Defendants properly severed in this case, which prompted Defendants to appear in the case and file waivers of service. (Dkt. 13-22.) Plaintiff incorrectly contends that he timely filed his lawsuit against all Defendants' and placed Defendants' on notice to the claims.

The underlying alleged incident occurred on December 30, 2017, and on August 21, 2019 Plaintiff filed his original complaint against **Sergeant "Dae"** and Sergeant Anderson. (*See* Case 19 cv 4663 Dkt. 6.) There were no other defendants named in this complaint.(Dkt. 6.) On November 22, 2019, this court dismissed Plaintiff's case for want of prosecution and for failure to effectuate service of process. (*See* 19 C 4663 Dkt. 22.) Plaintiff then on November 2, 2020 filed a new action with a new case number naming **Sergeant "Dae"**; Sergeant Anderson; Thomas Dart, Cook County Sheriff; County of Cook, Illinois; and **Unknown Officers**. (Dkt.1) Again, there was no service on these Defendants as noted by the court, so a status report was ordered. (*see* Dkt. 7.)

Finally, on February 8, 2021, Plaintiff amended his complaint correctly naming all of the currently Defendants: County of Cook; Sheriff Thomas Dart**; Sgt. Olivia Day**; Sgt. Tamara Anderson; Investigator Daniel Johnson; Officer Michael Parker; Officer Crystal McSwain; Officer Christina Mendoza; Officer Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig. (Dkt.9.) The

Plaintiff then proceeded to request waivers of service from the Defendants on February 26, 2021. (See Dkt. 11). All Defendants were not properly served until this date. Although Plaintiff's claims in the currently pending amended re-filed case are not new, they were not against the same original parties named in the initial filed complaint. Further, the officers who were named in the original complaint filed in August of 2019 were never even served in this case properly until the Amended Complaint of the re-filing of this case in February of 2021.

In Illinois, the applicable statute of limitations for a §1983 and personal injury claim is two years. See, (735 ILCS 5/13-202; *Licari v. City of Chi.,* 298 F.3d 664, 667-68 (7th Cir. 2002)). No Defendant was put on notice to claims against them until the statute of limitations had already ran, and it cannot be tolled now. The November 2, 2020, date was outside the statute of limitations for filing and the February 8, 2021 date was even more egregiously further outside of that timeline. Plaintiff 's claims are time-barred and therefore dismissal with prejudice is proper.

II. **Plaintiff's Contentions That Defendants' County of Cook and Sheriff Dart Should be Held Liable Under *Respondeat Superior* is Factually and Legally Flawed.**

Plaintiff misses the mark on this argument and ignores the factual and legal requirements in order to ascribe liability on Defendants' County of Cook and Sheriff Thomas Dart. Plaintiffs only response is that Sheriff Thomas Dart is a duly elected official, who Defendant Officers work for under his office in their official capacities. This is incorrect and not the law.

Plaintiff then further states that because this is a state tort case, Defendant Sheriff Thomas Dart can be sued since Plaintiff is asking for damages under the Illinois State tort of intentional infliction of emotional distress. Plaintiff also claims that the Defendant County of Cook can be sued under the theory *respondeat superior* because all Defendants work in the County of Cook and were working in their official capacities at the time of alleged incident. Defendants at this point are not even sure of exactly what type of cause of action Plaintiff is attempting to pursue. However, regardless if it is a

*Respondeat Superior* claim, or a Monell claim, both are deficiently pled and dismissal with prejudice is appropriate.

For a defendant to be sued at their official capacity under *respondeat superior*, the plaintiff must provide evidence that the defendant implemented policies or practices that were unconstitutional or resulted in injury. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978). Plaintiff again has made no arguments about how Defendant's implemented policies or practices that were unconstitutional or resulted in jury. These arguments are also not brought up in Plaintiff's original, re-filed, or amended complaint. Plaintiffs' claims being based on being able to sue based on Officers working under or for Defendant Sheriff Thomas Dart, or in the County of Cook simply fail as stated in arguments that have not been rebutted from Defendants Motion to Dismiss.

Further, Plaintiff clearly ignores that Cook County is not the employer of Defendant Officers for the basis of *respondeat superior.* ( See *Moy v. County of Cook*, 244 Ill. App. 3d 1034, 614 N.E.2d 265, 266-68, 185 Ill. Dec. 131 (Ill. App. 1st Dist. 1993 (holding that Cook County was not liable for negligent conduct of Cook County Sheriff under *respondeat superior* because there was neither an employment nor an agency relationship between County and Sheriff). Plaintiff incorrectly relies on *Carver v. Sheriff of La Salle County* 203 Ill. 2d 497, 787 N.E.2d 127, 129, 272 Ill. Dec. 312 (Ill. 2003); However, there is no indemnification claim pleaded, so even if the Court construes County of Cook is a necessary party, liability for indemnification purposes does not establish liability under the theory of *respondeat superior*. Therefore, dismissal with prejudice is appropriate.

### III. <u>Plaintiff's State Law Claim for Intentional Infliction of Emotional Distress is Time Barred.</u>

Plaintiff states in their response that they are seeking damages by alleging Intentional Infliction of Emotional Distress ("IIED") against Defendants' Sheriff Thomas Dart and Cook County under the Illinois State Law. Plaintiff's pendent state law claim for Intentional Infliction of Emotional Distress ("IIED")(Count III), it is subject to a one-year statute of limitations and

should be dismissed as untimely. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101 et seq., the applicable statute of limitations for Plaintiff's state law claims against a local entity or its employees is one year. 745 ILCS 10/8-101(a). Where a plaintiff alleges a defendant was acting under color of law and as an employee or agent of a municipality when the alleged misconduct occurred, the one-year statute of limitations from the Tort Immunity Act applies. *Wright v. Vill. of Calumet Park*, 09 C 3455, 2009 WL 4545191, at *3 (N.D. Ill. Dec. 2, 2009). For the Tort Immunity Act to apply, an employee must be acting within the scope of his employment at the time of the alleged injury. *Hedges v. Cty. of Cook*, 96 C 6228, 1997 WL 269632, at *4 (N.D. Ill. 1997).

In this case, the one-year statute of limitations had clearly passed even prior to the original filing of Plaintiff's complaint on August 21, 2019. (*See* Case 19 cv 4663 Dkt. 6.) As the alleged incident took place on December 30, 2017 this was far more than a year past the statute of limitations. Even further, Defendants' Sheriff Thomas Dart and Cook County were not even named in the original complaint ,they were not named until the re-filing of the complaint on November 2, 2020. Plaintiff's state law tort claim for IIED is barred and therefore, dismissal with prejudice is appropriate.

**IV. Defendants' Motion to Dismiss is Proper Because this Court Granted Leave for Defendants to File Such a Motion.**

Plaintiff's final argument in his Response is that Defendants' Motion to Dismiss is improper. However, this argument is fundamentally defective. District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262, at *2 (N.D. Ill. Mar. 10, 2021) quoting (*Dietz v. Bouldin*, 136 S.Ct. 1885, 1892, 195 L.Ed.2d 161 (2016)).

Shortly after appearing in the case on May 14, 2021 (Dkts. 24 -25), Defendants' new counsel after being apprised in this matter filed a motion as soon as possible to withdraw the previously filed answer on June 4, 2021. (Dkt. 26) Defendants' Motion to withdraw and amend answer or otherwise plead was granted by the Court on June 10, 2021. (Dkt. 30). The Court then set a briefing schedule for Defendant's Motion to Dismiss. *Id.* Plaintiff's argument that Defendant's motion is improper is a nullity at this point because the Court itself granted Defendants' the right to proceed with Motion to Dismiss. Therefore, dismissal with prejudice is proper.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,
KIMBERLY M. FOXX
State's Attorney for Cook County

By: */s/Jorie R. Johnson*
Jorie R. Johnson
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7930
Jorie.Johnson@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Jorie R. Johnson, hereby certify that I have caused true and accurate copies of the above and foregoing to be served on Counsel of Record pursuant to CM/ECF, in accordance with the rules of electronic filing of documents on this 26th day of August 2021.

/s/ Jorie R. Johnson
Jorie R. Johnson