**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONOVAN JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-6500 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| SHERIFF THOMAS DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Sheriff Thomas Dart, Cook County, and various named Cook County Department of Corrections Officers[1] have filed a Motion to Dismiss Plaintiff Donovan Johnson's Amended Complaint, alleging civil rights violations, based on theories of excessive force, failure to intervene, and intentional infliction of emotional distress, arising out of a physical assault which occurred on December 30, 2017. For the following reasons, Defendants' Motion to Dismiss [31] is granted in part and denied in part.

Plaintiff may proceed on Counts I and II against all Defendants. Count III, which includes all claims against Cook County and Sheriff Dart, is dismissed. Counsel are directed to file a joint status report no later than April 15, 2022, that includes (a) a deadline for the remaining Defendants to answer the amended complaint, (b) a proposed discovery plan, and (c) a statement in regard to any settlement discussions and/or any request for a referral to the Magistrate Judge for an early settlement conference. The Court will set a date for a future status hearing and enter a case management schedule after reviewing the joint status report.

---

[1] In addition to Thomas Dart and County of Cook, Plaintiff names Sgt. Day #3251, Sgt. Anderson #3272, Lt. Ludwig #710, Officer Johnson #177182, Officer Parker #16994, Officer Garcia #17371, Officer McSwain #17055 and Unknown Officers as Defendants.

## I.     Background

This is Plaintiff's second lawsuit arising out of the same December 30, 2017, incident at the Cook County Jail.  Acting *pro se*, Plaintiff filed the first lawsuit, Case No. 19-cv-4663, on August 21, 2019.  In that prior lawsuit, Plaintiff alleged that Sgt. Dae, Sgt. Anderson, and various other unnamed officers "put [Plaintiff] in handcuffs," sprayed mace in Plaintiff's face, and "slam[med] [Plaintiff] to [the] ground" which resulted in Plaintiff sustaining a head injury. [1 at 5].  That complaint also alleged that after being slammed to the ground, certain officers stood on Plaintiff's back "with force" and "drag[ged] [Plaintiff] down the hallway with [his] pants down" exposing his buttocks and resulting in a back injury. [*Id.* at 5-6]. Plaintiff asserted that an unnamed officer was present and videorecording the incident. [*Id.* at 6].

The Court dismissed the original lawsuit on November 22, 2019, because Plaintiff failed to "(1) update his address with the Court; and (2) complete and return the service forms for Defendants." *Johnson v. Dae*, Case No. 19-cv-4663, [11] (N.D. Ill. Nov. 22, 2019).  Given the Court's permission for Plaintiff to proceed *in forma pauperis*, Plaintiff was not responsible for serving Defendants on his own.  But he was responsible for returning the USM-285 forms so that the US Marshals Service could serve the summons and complaint, and he also was obligated to provide the Court with a proper address so that he could receive all court documents in a timely manner.  Plaintiff did not seek reconsideration, nor did he appeal the dismissal order.

Instead, Plaintiff refiled his complaint almost a year later, on November 2, 2020, this time with the assistance of counsel.  Although the complaint plainly was not filed within the two-year statute of limitations that applies to this Section 1983 action,[2] Plaintiff relies on the Illinois Savings

---

[2] Because Section 1983 provides no explicit statute of limitations, federal courts borrow the forum state's personal injury statute of limitations, *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007), which in Illinois is two years, see *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002).

Statute ("Savings Statute"), to assert that his refiled complaint is timely. The Savings Statute provides that "where the time for commencing an action is limited, if … the action is dismissed for want of prosecution … then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff … may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217. The refiled complaint incorporated the allegations from the original action, but differs because it formally recognized the Unknown Officers who participated in in the events giving rise to Plaintiff's lawsuit and added Sheriff Thomas Dart and County of Cook as Defendants. Plaintiff asserts Counts I (Excessive Force) and II (Failure to Intervene) against the Defendant Officers. Count III (IIED) is alleged directly against the Defendant Officers and indirectly against Sheriff Dart and County of Cook under the *respondeat superior* doctrine.

A few months later, on February 8, 2021, Plaintiff filed an Amended Complaint, in which he recounted with more specificity the events of December 30, 2017, and identified several additional Defendants by name: the Sheriff of Cook County, Thomas Dart ("Sheriff Dart"); Cook County, Illinois: Sgt. Day; Sgt. Anderson; Lt. Ludwig; and Officers Johnson, Parker, Garcia, McSwain, and Unknown Officers. [9 at 1]. Plaintiff identifies Lt. Ludwig, Sgt. Anderson, Officer Johnson, Officer Parker, Officer Garcia, and Officer McSwain as Defendants on Count I (Excessive Force). [*Id.* at 6.] He asserts Count II (Failure to Protect and Intervene) against Sgt. Day, Officer Mendoza, and Officer Serrano. [*Id.* at 7.] And Count III (IIED) is brought against all Defendant Officers, plus Sheriff Dart and County of Cook through the doctrine of *respondeat superior*. [*Id.* at 8.]

Defendants move to dismiss the amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim on which relief can be granted.

Defendants' 12(b)(6) arguments attack the timeliness of the Amended Complaint, emphasizing that Plaintiff's "claims are barred by the [two-year] statute of limitations [applicable to § 1983 claims] and no equitable doctrine applies to save them, resulting in Plaintiff failing to state a claim upon which relief can be granted." [31 at 2]. Defendants assert several specific grounds for dismissal: *first*, that Plaintiff impermissibly refiled a previously dismissed lawsuit; *second*, that Plaintiff erroneously relied on the Illinois savings statute; *third*; that Plaintiff's claims are barred by the statute of limitations; *fourth*, that the relation-back doctrine is incapable of saving Plaintiff's claim from untimeliness; *fifth*, that equitable tolling cannot be used to save Plaintiff's claim from untimeliness; and *sixth*, that plaintiff failed to plead sufficient factual allegations to ascribe *respondeat superior* liability on Defendants County of Cook and Sheriff Dart.

Plaintiff defends the timeliness of the Amended Complaint, as filed, claiming that "state tolling statutes apply to Section 1983 cases" and that the Illinois Saving Statute confers "an absolute right to re-file [this] action against the same parties and to re-allege the same cause of action" "within one year or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217." [32 at 6-7]. Plaintiff also contends that he has "pled sufficient factual allegations to ascribe liability on defendants' County of Cook and Sheriff Dart in his official capacity under the doctrine of respondeat superior." [*Id*. at 7]

## II.    Legal Standard

For purposes of a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative

4

level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the complaint as a whole to assesses the plausibility of the legal claims. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). The Court also may "consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint, [documents that] are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)); see also Fed. R. Civ. P. 10(c).

Further, although it is well established that a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), the Court may "consider additional facts set forth in" a brief opposing dismissal "so long as those facts 'are consistent with the pleadings.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky*, 675 F.3d at 745 n. 1); see also *In re Dealer Management Systems Antitrust Litigation*, 313 F. Supp. 3d 931, 938-39 (N.D. Ill. 2018) (same); *Jones v. Sparta Cmty. Hosp.*, 716 Fed. Appx. 547, 547 (7th Cir. 2018) ("because [plaintiff-appellant] now elaborates on the factual allegations in his amended complaint, and his elaborations are consistent with the pleadings, we consider that information in our review"); *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) ("Materials or elaborations in appellants' brief opposing dismissal may be considered, so long as those materials or elaborations are consistent with the pleadings." (internal quotation marks and citation omitted)).

A motion to dismiss based on a statute of limitations defense is properly brought under Rule 12(b)(6), because legal relief cannot be granted for an untimely claim or lawsuit. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Although the statute of limitations is

an affirmative defense, a court may dismiss a claim as time-barred if the complaint sets forth the necessary information to show that the statute of limitations has expired. See, *e.g., Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Thus, "a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

## III.     Analysis

### A.     *Statute of Limitations*

Once it came to this Court's attention that the instant case was a refiling of a case that originally had been filed in 2017, the statute of limitations issue became self-evident.[3] As noted above, because Section 1983 provides no explicit statute of limitations, federal courts borrow the forum state's personal injury statute of limitations, *Wallace*, 549 U.S. at 388-89, which in Illinois is two years, see *Licari*, 298 F.3d at 667-68. "When absorbing a state period of limitations for § 1983 actions, federal courts take the state's tolling and extension rules as well, unless they are hostile to federal interests." *Gosnell v. City of Troy, Ill.*, 59 F.3d 654, 656 (7th Cir. 1995); see also *Beck v. Caterpillar, Inc.*, 59 F.3d 405, 406 (7th Cir. 1995) ("When the timeliness of a federal cause of action is measured by a state statute of limitations, it only makes sense to apply the state's tolling and savings provisions, for they are interrelated"). And the Seventh Circuit has stated that the Illinois Savings Statute, 735 ILCS 5/13-217, "does not undermine any federal interest." *Gosnell*, 59 F.3d at 656.

The Illinois Savings Statute "applies to only four situations: 1) if judgment is entered for the plaintiff, but reversed on appeal, or 2) if there is a verdict in favor of the plaintiff and, upon

---

[3] Under the random assignment system for cases filed in this District, this case originally was assigned to Judge Kendall. On December 9, 2020, the Executive Committee reassigned the case to this Court [see 3] pursuant to Local Rule 40.3(b)(2) as the refiling of a previously filed case.

6

motion in arrest of judgment, the judgment is entered against the plaintiff, or 3) the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or 4) if the action is dismissed by a United States District Court for lack of jurisdiction." *Mares v. Busby*, 34 F.3d 533, 536 (7th Cir. 1994) (citing 735 ILCS 5/13-217). Under Illinois law, "[t]hese situations are interpreted narrowly." *Id*. (citing Illinois cases). The Seventh Circuit has suggested in *dicta* that the Savings Statute might not apply to a dismissal for failure to properly serve a summons and complaint. *Id*.

There is some ambiguity in this Court's order dismissing the complaint in Plaintiff's earlier case, as it references Plaintiff's failures to (1) "update his address with the Court," (2) "complete and return the service forms," and (3) "effectuate service of process." *Johnson*, Case No. 19-cv-4663 [11]. However, as previously stated, the obligation to effectuate service in that case had been offloaded to the US Marshals Service because Plaintiff—at that time, an indigent, *pro se* prisoner—was in no position to accomplish that task. The Court ordered dismissal because Plaintiff did not complete in a timely manner the preliminary tasks that would have placed the Marshals in position to perform their appointed role, including the return of the required forms. In these circumstances, the prior dismissal order is best understood as resting on failure to prosecute, rather than failure to serve.

Having thus determined that the prior dismissal qualifies for the protection of the Savings Statute, the Court now turns to the timing of Plaintiff's refiled complaints. The parties agree that Plaintiff's claims accrued on the date of the incident, December 30, 2017. Plaintiff's original *pro se* complaint, filed on August 21, 2019, thus was timely. The parties also agree, as does the Court, that the dismissal of the original case for want of prosecution was without prejudice. As the Seventh Circuit repeatedly has explained, "if the suit is dismissed without prejudice, remaining

that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1010 (7th Cir. 2000); see also *Beck*, 50 F.3d at 407 ("While his first lawsuit was filed within the limitations period, that suit was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a), and is treated as if it had never been filed"). This principle can have severe consequences, for "if the statute of limitations has run" at the time of the dismissal order, "the dismissal is effectively with prejudice," though it may be subject to the doctrine of equitable tolling. *Elmore*, 227 F.3d at 1011.

Here, the dismissal order in the prior case was entered on November 22, 2019, which left a little more than a month on the two-year limitations period that applies for Section 1983 lawsuits. But the Savings Statute applies to dismissals for want of prosecution, which gave Plaintiff until the longer of the remaining period of limitation (December 30, 2019) or one year from the date of the dismissal order (November 22, 2020) to commence a new action. By filing this lawsuit on November 2, 2020—this time with the assistance of counsel—Plaintiff made it under the wire with 20 days to spare. Plaintiff's claims against the Defendants identified in that complaint thus plainly survive the motion to dismiss on statute of limitations grounds.

That leaves for further discussion only the additional Defendants first identified by name in Plaintiff's amended complaint, filed on February 8, 2021. Prior to 2010, a delay in ascertaining the true identities of potentially liable individuals might have proved fatal under long-established Seventh Circuit case law. These precedents addressed the identification of the proper parties to the lawsuit and the inability of the "relation back" doctrine to salvage claims against defendants who are not identified within the limitations period. See, *e.g.*, *Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008); *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 597 (7th Cir. 2006); *King v.*

*One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). But, as Judge Durkin has explained, the continued applicability of that rule has been "unsettled since the Supreme Court's decision in *Krupski v. Costa Cociere S.p.A.*, 560 U.S. 538, 541 (2010), which concerned a misnamed rather than unknown defendant [and] held that relation back under Rule 15(c)(1)(C) "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Harris v. Dart*, 2020 WL 60201, at *4 (N.D. Ill. Jan. 6, 2020).

Since *Krupski*, judges in this District have approached the viability of claims against defendants, such as those first named in Plaintiff's amended complaint, through the prism of "what the late-added defendants knew or should have known during the 90-day period after the filing of the original complaint set forth in Rule 4(m)." *Harris*, 2020 WL 60201, at *4 (citing numerous similar cases); *see also Haroon v. Talbott*, 2017 WL 4280980, at *7 (N.D. Ill. Sept. 27, 2017) (approving of a "defendant-focused analysis [that] applies whether the plaintiff sues the wrong defendant because of a misunderstanding or sues a fictitious defendant because of a lack of knowledge."); *Clair v. Cook Cty., Ill.*, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) (after *Krupski*, "the court must limit its inquiry under Rule 15(c)(1)(C)(ii) to what the newly named defendants knew or should have known"). Under this approach, "to determine whether a claim is 'unquestionably untimely' . . . , 'the Court must have before it some record of what the newly added defendants knew about a plaintiff's lawsuit before they were added. Such evidence is rarely before the Court on a motion to dismiss,' and so dismissal on that basis is rare." *Harris*, 2020 WL 60201, at *4 (quoting *Hawks v. Gade*, 2018 WL 2193197, at *4-5 (N.D. Ill. May 14, 2018)). The

Court will follow this approach because it seems prudent to keep the most recently named Defendants in the lawsuit at this time, subject to further review at a later stage of the case, under the "defendant-focused analysis" outlined above.[4]

### B.    Plausibility of Plaintiff's Claims

As noted above, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)).  Although Defendants challenge Counts I and II on statute of limitations grounds, they do not contest the plausibility of those claims on any other grounds except for any attempt by Plaintiff to impose liability based on the doctrine of *respondeat superior*—an argument that will be discussed below. Accordingly, Counts I and II may proceed against the individual Defendant officers, again subject to further refining under the relation back doctrine after a fuller record has been compiled in regard to what the "late-added" Defendants knew and when they knew it.

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court "rejected the common-law theory of *respondeat superior* liability for an employee's actions" and "crafted a new, more restrictive standard to determine when a municipal government itself has caused a deprivation of constitutional rights." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021).  To hold a municipality liable under *Monell*, "[a] plaintiff must show that the violation was caused by (1) an express government policy; (2) a

---

[4] The Court also defers any analysis under the equitable tolling doctrine at this time.

widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority." *Id.*

Plaintiff's Amended Complaint focuses on the actions of each individual Defendant but does not point to any policy, practice, or custom that ties together the asserted tortious acts of the various officers. Nor does Plaintiff identify an official with policy-making authority among the various Defendants he has sued. Accordingly, the Court agrees with Defendants that Plaintiff has failed to plead sufficient factual allegations to impose liability on Defendants County of Cook and Sheriff Dart in his official capacity.[5]

Finally, as to the state law claim for intentional infliction of emotional distress in Count III of the amended complaint, Defendants correctly identify a time bar. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a), the statute of limitations for a state law claim against a local entity or its employees is one year. As explained above, dismissal of a claim on limitations grounds is appropriate where the time bar is evident on the face of the complaint. Any IIED claim based on events that took place on December 30, 2017, was too late even as of the date of Plaintiff's *pro se* complaint in Case No. 19-cv-4663 and cannot be resurrected in this lawsuit.

## IV.    Conclusion

For the reasons stated above, Defendants' motion to dismiss [31] is granted in part and denied in part. Plaintiff may proceed on Counts I and II. Count III, which includes all claims against Cook County and Sheriff Dart, is dismissed. Counsel are directed to file a joint status report no later than April 15, 2022, that includes (a) a deadline for the remaining Defendants to

---

[5] Plaintiff is correct that if Sheriff Dart were a proper Defendant, then Cook County would be a necessary party under *Carver v. Sheriff of LaSalle County*, 203 Ill. 2d 497 (2003), and the Seventh Circuit cases applying the Illinois Supreme Court's holding in that case.

answer the amended complaint, (b) a proposed discovery plan, and (c) a statement in regard to any settlement discussions and/or any request for a referral to the Magistrate Judge for an early settlement conference. The Court will set a date for a future status hearing and enter a case management schedule after reviewing the joint status report.

Dated: March 31, 2022

Robert M. Dow, Jr.
United States District Judge