# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 6500 |
| v. | ) | |
| | ) | Judge Robert Dow Jr. |
| Sgt. Anderson, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Now come Defendants, Sgt. Olivia Day, Sgt. Tamara Anderson, Officer Daniel Johnson, Officer Michael Parker, Officer Crystal McSwain, Officer Christina Mendoza, Officer Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig ("Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jorie R. Johnson , and answers Plaintiff's Amended Complaint as follows:

### JURISDICTION AND VENUE

**1.** This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants admit the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.**

**2.** The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.**

**3.** Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER: The allegations contained in paragraph 3 have been dismissed pursuant**

to the Court's March 31, 2022 Order.

4. Proper venue is this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Cook County, Illinois, and pursuant to 18 U.S.C. § 1965

**ANSWER: Defendants admit the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.**

5. Plaintiff previously filed a Complaint under #19CV04663 on August 21, 2019. Upon information and believe that matter was dismissed for want of prosecution on November 22, 2019. The case is being refiled pursuant to 735 ILCS 5/13-217 of the Illinois Code of Civil Procedure which states in a part that a party may refile an action within a year if such action was dismissed for want of prosecution.

**ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint.**

## PARTIES

6. Plaintiff DONOVAN JOHNSON is a citizen of the United States of America, who, at all times relevant was a detainee at CCDOC and a resident of Cook County, Illinois.

**ANSWER: Defendants admit the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.**

7. Defendant Sergeant Day # 3251 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Sgt. Day admits she is a Sergeant employed by the Cook County Sheriff's Department at the Cook County Department of Corrections. Defendant Sgt. Day further admits Plaintiff brings this claim against Defendant Sgt. Day in her individual and official capacities but denies any wrongdoing and denies Defendant Sgt. Day can be sued in her official capacity.**

8. Defendant Lieutenant Ludwig # 710 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Lt. Ludwig admits he is a Lieutenant employed by the Cook County Sheriff's Department at the Cook County Department of Corrections. Defendant Lt. Ludwig further admits Plaintiff brings this claim against Defendant Lt. Ludwig in his individual and official capacities but denies any wrongdoing and denies Defendant Lt. Ludwig can be sued in his official capacity.**

9. Defendant Officer Johnson # 17782 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Officer Johnson admits he was an Officer but is now an Investigator employed by the Cook County Sheriff's Department. Defendant Officer Johnson further admits Plaintiff brings this claim against Defendant Officer Johnson in his individual and official capacities but denies any wrongdoing and denies Defendant Officer Johnson can be sued in his official capacity.**

10. Defendant Officer Parker # 16994 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Officer Parker admits he is an Officer employed by the Cook County Sheriff's Department at the Cook County Department of Corrections. Defendant Officer Parker further admits Plaintiff brings this claim against Defendant Officer Parker in his individual and official capacities but denies any wrongdoing and denies Defendant Officer Parker can be sued in his official capacity.**

11. Officer Garcia # 17371 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Officer Garcia admits he is an Officer employed by the Cook County Sheriff's Department at the Cook County Department of Corrections. Defendant Officer Garcia admits Plaintiff brings this claim against Defendant Officer Garcia in his individual and official capacities but denies any wrongdoing and denies Defendant Officer can be sued in his official capacity.**

12. Officer McSwain # 17055 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Officer McSwain admits she is an Officer employed by the Cook County Sheriff's Department. Defendant Officer McSwain further admits Plaintiff brings this claim against Defendant Officer McSwain in her individual and official capacities but denies any wrongdoing and denies Defendant Officer McSwain can be sued in her official capacity.**

13. Defendant Officer Mendoza # 17037 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Officer Mendoza admits she is an Officer employed by the Cook County Sheriff's Department. Defendant Officer Mendoza further admits Plaintiff brings this claim against Defendant Officer Mendoza in her individual and official capacities but denies any wrongdoing and denies Defendant Officer Mendoza can be sued in her official capacity.**

14. Defendant Officer Serrano # 17559 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Officer Serrano admits she is an Officer employed by the Cook County Sheriff's Department. Defendant Officer Serrano further admits Plaintiff brings this claim against Defendant Officer Serrano in her individual and official capacities but denies any wrongdoing and denies Defendant Officer Serrano can be sued in her official capacity.**

15. Defendant CCSPA Operator Lauren # 254 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendants deny the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint, as they are not against any of the named Defendants and, because Operator Lauren has never been served and is unknown.**

16. Defendant Sergeant Anderson #3272 was, at the time of the occurrence, a duly licensed Cook County Sheriff Department's Correctional Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is being sued in his individual and official capacities.

**ANSWER: Defendant Sgt. Anderson admits she was a Sergeant employed by the Cook County Sheriff's Department at the Cook County Department of Corrections but has been promoted to Lieutenant as of the end of 2021. Defendant Sgt. Anderson further admits Plaintiff brings this claim against Defendant Sgt. Anderson in her individual and official capacities but denies any wrongdoing and denies Defendant Sgt. Anderson can be sued in her official capacity.**

17. Defendant UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, a duly licensed Cook County Sheriff Correctional Officer. They engaged in the conduct complained of in the course and scope of their employment and under color of law. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual capacities.

**ANSWER: Defendants make no answer to the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint, as they are not against any of the named Defendants and, because Unknown Officers have never been served and remain unknown. To the extent that the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint are construed against Defendants, they are denied.**

18. Defendant THOMAS DART was, at all times relevant, the Sheriff of the Cook County. As a duly elected Sheriff of Cook County, Dart operates in his official capacity as the Cook County Sheriff's Officer (the "Sheriff's Office".) He is the Warden of the CCDOC, where he was given custody and charge of Petitioner and was responsible Petitioner's protection, as well as hiring, training and supervision of all personal necessary to operate and maintain the CCDOC. He is sued in his official capacity.

**ANSWER: Defendants admit that Sheriff Dart is the duly elected Sheriff of Cook County, and the allegations contained in paragraph 19 have been dismissed pursuant to the Court's March 31, 2022 Order.**

19. Defendant County of Cook is a local public entity under the laws of the State of Illinois. At all times relevant Sgt. Day, Sgt. Anderson, Sgt. Ludwig, Ofc. Johnson, Officer Parker, Officer Garcia, Officer McSwain, Officer Mendoza, Officer Serrano, CCSPD Operator Lauren, Tom Dart and all Unknown Officers were employees and officers of Cook County. It is being sued in its official capacity.

**ANSWER: Defendants admit Cook County is a body politic and corporate, and the allegations contained in paragraph 19 have been dismissed pursuant to the Court's March 31, 2022 Order.**

20. All mentioned defendants were acting within the scope of their employment at the times of the incidents giving rise to the cause of action. All defendants have acted and continue to act under the color of law in the State of Illinois at all times relevant to this complaint, their deprivation of Petitioner's constitutional and statutory rights are set forth in the following statements of facts and causes of action.

**ANSWER: Defendants deny the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.**

## FACTS

21. On or around 30 December 2017, Plaintiff was housed in Division 4 of the Cook County Department of Correction.

**ANSWER: Defendants admit Plaintiff was housed in Division 4 K2 on December 30, 2017.**

22. On or around December 30, 2017 when Plaintiff returned to his cell from the gym, all of his belongings were not in his cell. Plaintiff then went to the tier officers to report the incident and asked the officers to review the video to see if they could determine who took his belongings.

**ANSWER: Defendants admit that on December 30, 2017, Plaintiff returned to his cell from recreation and reported to an Officer that items from his cell were missing and deny the remaining allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.**

23. The tier officers took Plaintiff to the holding area while they looked over the video. By that time, it was nearly time for the second shift officers to start their shift.

**ANSWER: Defendants admit that all feasible efforts were exhausted to locate Plaintiff's items from his cell, and Plaintiff was notified his items could not be recovered at this time. Defendants further admit Plaintiff was then secured in an Attorney room after he refused to be transferred to his new living unit. Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.**

24. When the second shift officers came on duty, they did not know about Plaintiff's missing property. Instead, they thought Plaintiff was in holding area because he had refused housing.

**ANSWER: Defendants deny the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.**

25. [1]Plaintiff informed the officers multiple times that he was not refusing housing but was in the holding area because of his missing properties. The officers including Sgt. Day and Sgt. Anderson told Plaintiff they did not know what was going on. Plaintiff asked them to look over the video.

**ANSWER: Defendants deny the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.**

26. Sergeant Day and Sergeant Anderson then told Plaintiff to turn around and they handcuffed him. They left the holding cell and when they returned later, they had several other officers with them, including Officer Mendoza, Officer Johnson, Officer Garcia, Officer McSwain and Officer Garcia. Sgt. Anderson sprayed Plaintiff's face with mace whiles Sgt. Mendoza recorded the incident with a recording devise. Lieutenant Ludwig ordered Officer

---

[1] In Plaintiff's filed Amended Complaint Dkt. 31 at pg. 5, there are two paragraphs labeled number 25. Defendants have numbered the 2nd paragraph numbered 25 as number 26 and corrected the numbering of paragraphs following down. Please reference paragraph numbers 26 through 48 in Defendant's Answer to correspond with Plaintiff's Amended Complaint Paragraphs numbered as paragraphs the second numbered 25 through 47.

Johnson, Officer Garcia, Officer McSwain and Officer Parker slammed Petitioner to the ground. Lieutenant Ludwig also participated in slamming Petitioner to the ground. Officer Serrano, Officer Mendoza and Sergeant Day were all present and they stood by as their fellow officer slammed Plaintiff to the ground without intervening.

**ANSWER: Defendants admit Plaintiff was sprayed with one burst of O/C spray to the facial area after Plaintiff failed to comply with multiple verbal orders. Defendants deny the remaining allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.**

27. As a result of the officers' conducts Plaintiff hit his head on the hard floor surface causing injury to his head. Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Garcia, and Officer Parker put their knees on Petitioner's back and legs after slamming him to the ground. They then proceeded to drag Petitioner on the floor down the hallway with his pants down showing his buttocks. Plaintiff suffered a head and back injuries as a result of being slammed to the ground by the officers.

**ANSWER: Defendants deny the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.**

28. Petitioner lost his consciousness after he hit his head on the concrete floor and he was rushed to Stroger Hospital where he was diagnosed with blunt head trauma and back injuries.

**ANSWER: Defendants deny the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.**

29. When Plaintiff returned to the County Jail, he was moved to Division 8 Cermak Unit and was never issued a disciplinary ticket or charged with refusing housing.

**ANSWER: Defendants deny the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.**

30. Plaintiff continued to receive treatment for his head and back injuries while at Cermak for over six weeks.

**ANSWER: Defendants deny the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.**

31. Plaintiff cooperated with the officers when they handcuffed him and did not pose threat to them or himself.

**ANSWER: Defendants deny the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.**

32. As a result of Defendant Officers' misconduct, Plaintiff suffered a head and back injuries.

**ANSWER: Defendants deny the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.**

33. The acts of Defendant Officers were intentional, willful and wanton.

**ANSWER: Defendants deny the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.**

34. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER: Defendants deny the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.**

### COUNT I: 42 U.S.C. § 1983 – Use of Excessive Force

35. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER: Defendants reassert their answers to Paragraphs 1 through 34 as if set forth here in full.**

36. The actions of Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Parker, Officer Garcia and Officer McSwain constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER: Defendants deny the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.**

37. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER: Defendants deny the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.**

### COUNT II: 42 U.S.C. § 1983 – Failure to Protect and Intervene

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants reassert their answers to Paragraphs 1 through 37 as if set forth here in full.**

39. The actions of Defendant Officers constituted unreasonable, unjustifiable, and unlawful excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

**ANSWER: Defendants deny the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint.**

40. Defendant Sergeant Day, Officer Mendoza and Officer Serrano failed to intervene when Plaintiff was unreasonably seized and beaten, as alleged above, even though there was no legal basis for it.

**ANSWER: Defendants deny the allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.**

41. The aforementioned actions of Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER: Defendants deny the allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.**

42. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER: Defendants deny the allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.**

**COUNT III: Intentional Infliction of Emotional Distress (State Law Claim)**

43. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants reassert their answers to Paragraphs 1 through 42 as if set forth here in full.**

44. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER: The allegations contained in paragraph 43 have been dismissed pursuant to the Court's March 31, 2022 Order.**

45. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER: the allegations contained in paragraph 45 have been dismissed pursuant to the Court's March 31, 2022 Order.**

46. Defendant THOMASOM DART is sued in this through the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty as employees of Defendant THOMAS DART, and while acting with in the scope of their respective employment.

**ANSWER: The Defendant and allegations contained in paragraph 46 have been dismissed pursuant to the Court's March 31, 2022 Order.**

47. Defendant COUNTY OF COOK is sued in this through the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty as employees of Defendant COUNTY OF COOK, and while acting within the scope of their respective employment.

**ANSWER: The Defendant and allegations contained in paragraph 47 have been dismissed pursuant to the Court's March 31, 2022 Order.**

48. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

**ANSWER:** The allegations contained in paragraph 48 have been dismissed pursuant to the Court's March 31, 2022 Order.

### DEFENDANT'S AFFIRMATIVE DEFENSES

Pleading in the alternative, and without prejudice to the denials in their Answers, Defendants assert the following separate affirmative defenses to Plaintiff's Complaint:

#### I.     Qualified Immunity

1. With respect to the Plaintiff's claims, Defendants did not cause the deprivation of any constitutional rights of Plaintiff.

2. The conduct of Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

3. Accordingly, Defendants are entitled to the defense of qualified immunity.

#### II.     42 U.S.C. §1997e(e)

4. Plaintiff has requested compensatory damages but has not stated whether he seeks compensation for mental distress.

5. Section 1997e(e) of the PLRA provides:

    > No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

6. Plaintiff cannot show physical injury and, as a result, under Section 1997e(e) of the PLRA cannot seek damages for alleged mental distress

### III. Failure to Mitigate

7. Without waiving their denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendants, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages.

8. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced by the amount by reason of said failure to mitigate.

### IV. Failure to Exhaust -- 42 U.S.C. §1997e(a)

9. Plaintiff was at all relevant times and the date of filing, a pre-trial detainee. Under Section 1997e(a) of the Prisoner Litigation Reform Act, Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

10. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

11. Plaintiff failed to properly exhaust his administrative remedies and therefore, his claims are barred.

### V. Statute of Limitations

12. With respect to Plaintiffs' claims, the Defendants assert that recovery is barred by the statute of limitations

13. Chapter 42 U.S.C. § 1983 provides no explicit statute of limitations. The limitations period is borrowed from the forum state's analogous personal-injury claims. Wallace v. Kato, 549 U.S. 384, 388-89 (2007). In Illinois, the applicable statute of limitations

for a § 1983 claim is two years. Licari v. City of Chi., 298 F.3d 664, 667-68 (7th Cir. 2002).

14. Plaintiff filed his original complaint under case number 19-cv 04663 on August 21, 2019, only naming Sgt. "Dae" and Sgt. Anderson. The Court then dismissed this complaint on November 22, 2019 for want of prosecution. Plaintiff then waited almost a year after dismissal to file a new complaint on November 2, 2020 only adding Defendants Cook County, Sheriff Dart, and Unknown Officers.

15. Thereafter, on February 8, 2021, Plaintiff filed an amended complaint naming all currently named Defendants. The date of Plaintiff's complained of occurrence which all events stem from is December 30, 2017. Plaintiff's Amended Complaint was filed well after the statute of limitations had already run.

16. Therefore, Plaintiff is barred from recovery and Defendants should not be held liable. Defendants reserves the right to amend the affirmative defenses at any point throughout the course of discovery.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order: (a) dismissing Plaintiff's First Amended Complaint with prejudice and assessing costs against Plaintiff and (b) providing such other and further relief that this Honorable Court deems necessary and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State' Attorney of Cook County

*/s/ Jorie R. Johnson*

Jorie R. Johnson
500 Richard J. Daley Center
Chicago, IL 60602
Jorie.Johnson@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

The undersigned, Jorie R. Johnson, an attorney, hereby certifies that on April 29, 2022, the foregoing document was electronically filed using the CM/ECF system, which sent a notice of Electronic Filing to all parties of record. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon All ECF users.

*/S/ Jorie R. Johnson*
Jorie R. Johnson