**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CV 6500 |
| | ) | |
| v. | ) | Judge Andrea Wood |
| | ) | |
| Sgt. Anderson, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REASSIGNMENT STATUS REPORT**

Plaintiff, Donovan Johnson ("Plaintiff"), through his attorney, Sanni Mohammed, and Defendants, Sgt. Olivia Day, Lt. Tamara Anderson, Investigator Daniel Johnson, Officer Michael Parker, Officer Crystal McSwain, Officer Christina Mendoza, Investigator Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig (collectively, "Defendants") by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jorie R. Johnson, and in compliance with the Court's orders (Dkt. 51, 53) submit the following Reassignment Status Report:

1. **Nature of the Case**

    A. Identify the attorneys of record for each party, including the lead trial attorney.

    **Attorney for Plaintiff:**
    **Saani Mohammed (Lead Trial Attorney)**
    **Mohammed-Law LLC**
    **73 W. Monroe Street, Suite 103**
    **Chicago, IL 60603**
    **(773) 823-4343**
    **Email: saani@mohammedlawfirm.com**

>**Attorney for Defendants:**
>**Jorie R. Johnson (Lead Trial Attorney)**
>**Assistant State's Attorney**
>**Richard J. Daley Center**
>**50 West Washington, Room 500**
>**Chicago, IL 60602**
>**(312) 603-7930**
>**Email: jorie.johnson@cookcountyil.gov**

B. Identify any parties that have not yet been served.

>**None.**

C. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

>**This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under 42 U.S.C. § 1983.**

D. Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

>i. **Claims Asserted in the Complaint:**

**Plaintiff asserts two claims pursuant to 42 U.S.C. § 1983 for excessive use of force against Defendants Lt. Ludwig, Sergeant Anderson, Officer Johnson, Officer Parker, Officer Garcia and Officer McSwain, and for failure to intervene against Defendants Sergeant Day, Officer Mendoza and Officer Serrano. On March 31, 2022, the Court dismissed Plaintiff's claim for intentional infliction of emotional distress (Count III), which included all claims against Cook County and Sheriff Dart. (Dkt. 34.) Plaintiff seeks compensatory damages, punitive damages, costs and attorneys' fees.**

>ii. **Factual and Legal issues in the Complaint:**

**The principal factual issues in this case include:**

- **Whether facts related to the allegations of force by Defendants Lieutenant Ludwig, Sergeant Anderson, Officer Johnson, Officer Garcia, Officer Parker and Officer McSwain exist, whether force was used, whether it was excessive, whether it was justified and/or reasonable, and whether an injury exists that was caused by use of force.**
- **Whether facts exist that Defendant Officer Serrano, Officer Mendoza, and Sergeants Day failure to intervene and whether their conduct was unreasonable and whether plaintiff's injury exists and was caused by a failure to intervene.**

**The principal legal issues in this case include:**

- **Whether Defendants used excessive force in violation of Plaintiff's constitutional rights.**
- **Whether Defendants failed to intervene in violation of Plaintiff's constitutional rights.**
- **Whether any of Defendants' affirmative defenses protect them from liability.**

2. <u>**Discovery and Other Proceedings to Date**</u>

    A. Briefly describe the discovery that has been taken, the discovery that remains to be taken, and any operative schedule governing discovery. Also indicate whether the parties believe they will be able to complete discovery according to the deadlines in the operative discovery schedule.

**Per the Court's November 28, 2022 Order (Dkt. 53), fact discovery has been completed except for the deposition of Officer McSwain, which has been rescheduled by agreement of counsel, for December 5, 2022, if the Court permits a short extension on fact discovery. The following is a proposed schedule for the completion of expert discovery and the filing of dispositive motions.**

| Event | Deadline |
|---|---|
| Disclosure of Plaintiff's Expert Report | January 16, 2023 |
| Deposition of Plaintiff's Expert | February 13, 2023 |
| Disclosure of Defendants' Expert Report(s) | March 13, 2023 |
| Deposition of Defendants' Expert | April 10, 2023 |
| Date to file Dispositive Motions | May 15, 2023 |

    B. Briefly describe all pending motions, including the date the motions and associated briefs were filed (or the briefing schedule, if briefing has not yet been completed).

**There are no pending motions before the Court.**

    C. Briefly summarize any substantive rulings that have been issued in the case.

**On March 31, 2022, the Court dismissed Plaintiff's claim for intentional infliction of emotional distress (Count III), which included all claims against Cook County and Sheriff Dart. (Dkt. 34.)**

3

3. **Trial**

   A. State whether there has been a jury demand.

   **Both parties have demanded a jury trial.**

   B. State whether a trial date has been set; if not, provide the date by which the parties anticipate being ready for trial.

   **No trial date has been set. The parties request a trial date not be set until after the Court rules on Defendants' anticipated dispositive motion.**

   C. State whether a final pretrial order has been filed; if not, state whether there is a deadline for filing a final pretrial order.

   **No pretrial order has been filed. There is no deadline for filing a final pretrial order.**

   D. Estimate the length of the trial.

   **The parties anticipate a trial will last 3-5 days.**

4. **Referrals and Settlement**

   A. State whether the case has been referred to the Magistrate Judge for discovery supervision, a settlement conference, and/or any other purpose.

   **This case has not been referred to the Magistrate Judge for discovery supervision, a settlement conference, and/or any other purpose.**

   B. State whether any settlement discussions have occurred and describe the status of any such settlement discussions.

   **Settlement discussions are ongoing. On October 24, 2022, Plaintiff provided an updated settlement demand. Defendants will respond to Plaintiff's demand by December 15, 2022.**

   C. State whether the parties believe that a settlement conference would be productive at this time.

   **At this time, neither party requests a settlement conference.**

*(Signatures on Next Page)*

        Respectfully Submitted,

        Kimberly M. Foxx
        State's Attorney of Cook County

By:   */s/ Jorie R. Johnson*
        Jorie R. Johnson
        Assistant State's Attorney
        Richard J. Daley Center
        50 West Washington, Room 500
        Chicago, IL 60602
        (312) 603-7930
        Jorie.Johnson@cookcountyil.gov
        *Counsel for Defendants*

        */s/ Sanni Mohammed*
        Saani Mohammed
        Mohammed-Law LLC
        73 W. Monroe Street, Suite 103
        Chicago IL 60603
        saani@mohammedlawfirm.com
        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Jorie R. Johnson hereby certify that on November 28, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon all ECF users.

        */s Jorie R. Johnson*
        Jorie R. Johnson