**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CV 6500 |
| | ) | |
| vs. | ) | Judge Andrea R. Wood |
| | ) | |
| Lt. Anderson, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO BAR EXPERT OPINIONS AND TESTIMONY OF TAKIELA WYATT UNDER FEDERAL RULE OF CIVIL PROCEDURE 37( c)(1)**

Defendants, Sgt. Olivia Day, Lt. Tamara Anderson, Inv. Daniel Johnson, Ofc. Michael Parker, Ofc. Crystal McSwain, Ofc. Christina Mendoza, Inv. Martin Garcia, Ofc. Delilah Serrano, and Lt. James Ludwig (collectively, "Defendants"), move to bar the expert opinions and testimony of Takiela Wyatt, RN ("Nurse Wyatt"). In support of this motion, Defendants state as follows:

**INTRODUCTION**

Pursuant to Fed. R. Civ. Proc. 26(a)(2)(B), an expert disclosure is not merely the expert's name, but the disclosure "must be accompanied by a written report," prepared and signed by the witness, that contains: "a complete statement of all opinions the witness will express and the basis for them"; facts or data considered by the witness; any exhibits; the witnesses qualifications including a list of publications authored in the last 10 years, a list of cases the witness has testified in over the last four years, and a statement of compensation.

On January 17, 2023, Plaintiff provided a resume for Nurse Wyatt, one of his purported experts, but failed to provide any other documents that the Federal Rules require. The Federal Rules of Civil Procedure are designed to prevent these kinds of surprise witnesses, to avoid litigation in darkness, and to avoid prejudicing the opposing party. There is no justification for

Plaintiff's improper "disclosure," and Defendants are prejudiced because they do not know what Nurse Wyatt will testify to or the basis of those opinions. Therefore, any expert witness testimony from Nurse Wyatt should be barred.

## **ARGUMENT**

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, witnesses that have not been timely and in all other respects properly disclosed in accordance with Rule 26(a) cannot be used at trial or as evidence on a motion unless the offending party can show that the disclosure violation was justified or harmless. Fed. R. Civ. Pro. 37(c)(1). If not, a preclusion order is "automatic and mandatory." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (affirming trial court's sanction of barring late disclosed experts and resulting dismissal of plaintiff's case on summary judgment); *Carter v. Finley*, 2003 U.S. Dist. LEXIS 20619 (N.D. Ill. Nov. 17, 2003) (the sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.)

In *Zingerman v. Freeman Decorating Co.*, 2003 U.S. Dist. LEXIS 15281, *10-11 (N.D. Ill. Aug. 29, 2003) aff'd 99 Fed. Appx. 70 (7th Cir. 2004), the court excluded testimony of witnesses untimely disclosed during the last week of the discovery period stating, "[d]efendant has proffered no justification for the late disclosure … if Defendant wanted to rely on the testimony of these two witnesses at trial, it could (and almost certainly should) have disclosed that under the mandatory disclosure requirements of Rule 26(a)(1)(A)." *Id*. at 10-11. While the plaintiff in *Zingerman* asserted that defense counsel should be familiar with the assertions at a deposition of a former employee, the court determined disclosing witnesses during the last week of discovery "reeks of unfair surprise." *Id*. at 10. Moreover, due to the late disclosures, the court would not rely on the belated testimony either in its ruling on summary judgment nor at trial. *Id*. at 11.

Here, Plaintiff expressed his intent to have two expert witnesses when he disclosed their names on January 17, 2023. Plaintiff then provided resumes for both of his proposed expert witnesses, yet decidedly only provided an expert report for one of the witnesses, LPN Marshall. Other than a resume, Plaintiff provided no other required documents for Nurse Wyatt. That failure to provide the required expert report for Nurse Wyatt gave Defendants no chance of knowing what opinions Nurse Wyatt had, what the basis was for those opinions, or other times she may have reached contradictory conclusions in similar cases. Defendants also had no chance to review any exhibits that were used to summarize or support any opinions Nurse Wyatt would have regarding this case because she never provided a report.

The docket reflects that expert discovery was contemplated as early as April 14, 2022. (Dkt. 36.) The Court adopted a schedule for expert discovery on November 29, 2022. (Dkt. 55.) Plaintiff was to make expert disclosures by January 16, 2023, and expert discovery was to close on April 10, 2023. (Dkt. 55, 58.)

Simply put, Plaintiff never produced an expert report for Nurse Wyatt, and Plaintiff never requested leave to reopen expert discovery, or let alone to produce a late report. Plaintiff should therefore be barred from using Nurse Wyatt as an expert witness at trial or in support of any motion, including summary judgment. Plaintiff has prejudiced Defendants because Defendants did not have a fair chance to understand, test, and/or rebut Nurse Wyatt's opinions. Moreover, Plaintiff has failed to offer any justification as to why the expert report was not disclosed. Consequently, any expert testimony or opinions offered by Nurse Takiela should be barred due to Plaintiff's blatant discovery violations when he failed to disclose Nurse Takiela's expert report and instead only produced her resume.

**CONCLUSION**

WHEREFORE, Defendants respectfully requests that this Court enter an order: (1) granting Defendants' motion to bar any testimony, either written, oral, or in any other form from Takiela Wyatt, RN; (2) bar any opinions, either written, oral, or in any other form from Takiela Wyatt, RN; and (3) for any other relief the Court deems appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/Jorie R. Johnson*
Jorie R. Johnson
Assistant State's Attorney
Torts / Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
Jorie.Johnson@cookcountyil.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Jorie R. Johnson hereby certify that on July 14, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF).

*/s/ Jorie R. Johnson*
Jorie R. Johnson