UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CV 6500 |
| | ) | |
| vs. | ) | Judge Andrea R. Wood |
| | ) | |
| Lt. Tamara Anderson, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, Lt. Anderson, Sgt. Day, Lt. Ludwig, Inv. Johnson, Inv. Garcia, Ofc. Serrano, Ofc. Mendoza, Ofc. McSwain, and Ofc. Parker (collectively "Defendants"), by their attorney KIMBERLY M. FOXX, Cook County State's Attorney, through her Assistant State's Attorney, Jorie R. Johnson, and in support of their Motion for Summary Judgment (the "Motion"), reply as follows:

**INTRODUCTION**

On July 26, 2023, Plaintiff filed a response brief to the Motion. (Dkt. 78.) However, Plaintiff failed to respond to Defendants' Statement of Facts pursuant to LR 56.1 (b)(2), he did not file any Additional Statement of Facts pursuant to LR 56.1 (b)(2), and he did not file responses to Defendants' Motions to Bar Expert Opinions and Testimony of witnesses Takiela Wyatt, RN and Keona Marshall, LPN. Therefore, Defendants' Statement of Facts should be admitted in their entirety and the Court should grant Defendant's Motions to Bar as unopposed.

Additionally, in his Response to Defendants' Motion for Summary Judgment, Plaintiff provides no further supportive evidence to substantiate the claims made against Defendants in his

Amended Complaint and show a genuine issue of material fact exists. As a result, summary judgment should be granted because Plaintiff's claims are barred by the statute of limitations, no equitable doctrine can save them, Plaintiff cannot prove his claims of excessive force and failure to intervene, and Defendants are entitled to qualified immunity. Accordingly, for the reasons stated below, this Court should grant Defendants' Motion for Summary Judgment.

## ARGUMENT

**I. Plaintiff failed to respond to Defendants' Statement of Facts or file an Additional Statement of Facts.**

Plaintiff never filed a response to Defendants' Statement of Facts or filed his own Additional Statement of Facts pursuant to LR 56.1 (b)(2). Consequently, Defendants' Statement of Facts should be deemed admitted. (Dkt. 64.) "Rule 56(e)(2) and Seventh Circuit case law plainly provide that when a party fails to respond to a Rule 56.1 statement of facts, those facts shall be deemed admitted for purposes of the motion." *Brown v. Navarro*, No. 09 C 3814, 2012 U.S. Dist. LEXIS 129697, at *7 (N.D. Ill. Sep. 11, 2012); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion").

Because Plaintiff does not dispute any of Defendants' Statement of Facts, there is no genuine issue of material fact for this Court to consider and summary judgment should be granted.

**II. Plaintiff failed to respond to Defendants' Motions to Bar Expert Opinions and Testimony of witnesses Takiela Wyatt, RN and Keona Marshall, LPN.**

Plaintiff additionally never filed a response to Defendants' Motions to Bar Expert Opinions and Testimony of witnesses Takiela Wyatt, RN and Keona Marshall, LPN. As a result, this Court should grant Defendant's Motions to Bar as unopposed. See (*Sachell v. Khan*, No. 19 C 4597,

2022 U.S. Dist. LEXIS 155990, at *25 (N.D. Ill. Aug. 30, 2022) citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver.")).

Because Plaintiff declined to respond to Defendants' Motions to Bar Expert Opinions and Testimony of witnesses, this Court should bar any written and oral testimony from Plaintiff's expert witnesses Takiela Wyatt, RN and Keona Marshall, LPN.

### III. Plaintiff failed to timely serve all Defendants before the statute of limitations expired for his claims.

Plaintiff fails to distinguish of the cases cited by Defendants regarding his time-barred claims. Instead, Plaintiff only references cases from the Illinois Appellate Court. These are non-persuasive in this district where the controlling authority is federal law. See *Licari v. City of Chi.*, 298 F.3d 664, 667-68 (7th Cir. 2002), " In Illinois, the applicable statute of limitations for a Section 1983 claim is two years"; *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010), "A claim of excessive force under Section 1983 'accrues immediately' at the time the alleged excessive force occurs."

Plaintiff also fails to argue why equitable tolling does not apply in this case, and therefore his argument is waived. See *Clay v. Kuhl*, 727 N.E.2d at 223; *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016). Finally, Plaintiff does not acknowledge in his Response that Defendants' argument about "mistake" under Fed. R. Civ. P. 15(c)(1)(C) would not apply to this case because Plaintiff did not properly name all Defendants in the original filing or in subsequent amendments. (Dkt. 78. at pgs. 8 - 9.) Therefore, Defendants stand on their argument that the statute of limitations did not toll, and summary judgment is appropriate here.

For example, Plaintiff incorrectly states that he timely filed his lawsuit against all Defendants and placed them on notice to the claims. (Dkt. 78. at pg. 7.) He is wrong. The

underlying incident occurred on December 30, 2017, and on August 21, 2019, Plaintiff filed his original complaint against Sergeant "Dae" *SIC* and Sergeant Anderson. (*See* Case 19-cv-4663 Dkt. 6.) There were no other defendants named in this complaint. (*Id*.) On November 22, 2019, this Court dismissed Plaintiff's case for want of prosecution and for failure to effectuate service of process. (*See* 19-cv- 4663 Dkt. 22.)

Over two years after the alleged incident, on November 2, 2020, Plaintiff filed a new action with a new case number naming Sergeant "Dae" *SIC*; Sergeant Anderson; Thomas Dart, Cook County Sheriff; County of Cook, Illinois; and Unknown Officers. (Dkt. 1.) Again, there was no service on these Defendants, as noted by the Court, so a status report was ordered. (Dkt. 7.) Finally, on February 8, 2021, Plaintiff amended his complaint naming all of the current Defendants: County of Cook; Sheriff Thomas Dart; Sgt. Olivia Day; Lt. Tamara Anderson; Investigator Daniel Johnson; Officer Michael Parker; Officer Crystal McSwain; Officer Christina Mendoza; Investigator Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig. (Dkt. 9.) Plaintiff first requested waivers of service through summons in the case at bar from the Defendants on February 26, 2021. (See Dkt. 11.) On March 23, 2021, Defendants first appeared through their attorney. (Dkts. 14 - 22.) Defendants were not properly served and notified of the claims against them in this matter before March 23, 2021. Although Plaintiff's claims the allegations made in his amended re-filed case are not new, they were not against the same original parties named in the initial complaint, and it was well after the two-year statute of limitations had expired.

Additionally, Plaintiff misconstrues Fed. R. Civ. P. 15(c)(1)(C) and the meaning of the word "mistake". Plaintiff named "Unknown Officers" in his lawsuit, dated November 2, 2020, but "[a] plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside

4

the statute of limitations period upon learning the defendant's identity. . . [a]ccordingly, once the statute of limitations period expires, [a plaintiff] cannot amend his complaint to substitute a new party in place of 'John Doe.'" *Gomez v. Randle*, 680 F.3d 859, 864, n.1 (7th Cir. 2012) (internal citation omitted); *see also Mohamed v. WestCare Ill., Inc.*, 786 Fed. Appx. 60, 61 (7th Cir. Nov. 26, 2019); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, J., concurring).

In his Response, Plaintiff mistakenly relies on *Krupski v. Crosta Crociere Spa*, where the court defined mistake as depending "on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." 130 S. Ct. 2485, 2490 (2010). (Dkt. 78. at pg. 9.) However, the Seventh Circuit has made clear that Rule 15(c)'s "mistake" clause does not apply when the plaintiff "simply lacks knowledge of the proper defendant." *See Herrera v. Cleveland*, 8 F.4th 493, 496-97 (7th Cir. 2021); *Gomez*, 680 F.3d at 864 (noting that in a John Doe case, a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c)"); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) (explaining that a plaintiff's "lack of knowledge" as to the defendants' identities does not amount to "a mistake in their names"). Plaintiff named "Unknown Officers" due to his admitted lack of knowledge regarding their identities. (Dkt. 78. at pg. 9.) As a result, Plaintiff cannot provide any valid excuse as to why an amendment to the original claim on the grounds of mistake can be properly applied using the relation-back doctrine under Fed. R. Civ. P. 15(c)(1)(C).

Therefore, neither the relation back doctrine nor equitable tolling save Plaintiff's time-barred claims against Defendants filed after December 30, 2019 because they are two years past

5

the alleged incident on December 30, 2017. The Court should grant summary judgment in favor of Defendants on these claims.

### IV. Lt. Anderson, Lt. Ludwig, Sgt. Day, Inv. Johnson, Inv. Garcia, Ofc. Parker and Ofc. McSwain did not use excessive force against Plaintiff.

Contrary to Plaintiff's position, Defendants' use of force was objectively reasonable when analyzing it under the *Kingsley* factors. As seen in video footage, Plaintiff was non-compliant, actively hostile, and defiant when he refused to change housing assignments, refused to be searched after concealing items in his pants, and refused multiple direct requests from Defendants. (Dkt. 64 at ¶¶ 37-53.) Plaintiff's arguments that he non-moving resister, he was restrained, he was outnumbered by one to nine, and he was not a threat are disputed by the objective video evidence. (Dkt. 78. at pgs. 9 -12.) Documents from the date of incident also support that the limited use of OC spray as not excessive, but reasonable given Plaintiff's behavior. (Dkt. 78-1. at pg. 2.)

Throughout his Response, Plaintiff repeatedly misstates record testimony from witnesses and documented verifiable medical records. Plaintiff was never diagnosed with back injury after the incident on December 30, 2017, as evidenced by his Cook County medical records from the date of incident, and testimony from his treating physician from the same date of the incident, Dr. James Boron. (Dkt. 64. at ¶ 74.) Dr. Boron never categorized Plaintiff's self-reported injury of a blunt head trauma as a major injury. (Dkt. 64. at Ex. U.) Plaintiff's medical records show Plaintiff's subjective complaints of headaches and migraines, which vary on and off for many years. (Dkt. 64. at ¶ 77.) Plaintiff has not provided any verifiable medical evidence that he can attribute to Defendants as the cause of his alleged injuries from the incident on December 30, 2017. As well, Plaintiff admittedly stated in his medical records, deposition testimony, and in his Response that he has had prior back injuries from motor vehicle accidents. Plaintiff was also involved in many

altercations while he was a detainee, and he had injuries to his head prior to the incident with Defendants. (Dkt. 64. at ¶¶ 20, 21, 75.)

With respect to Plaintiff's argument that he should have been warned before OC spray was deployed, he erroneously attempts to hold individual Defendants liable for violating policies and statutes that were not in effect during the date of incident. Plaintiff begins his argument by stating, "under the Sheriff Department's own use of force policy guidelines, the defendants were not justified in deploying an OC spray on the Plaintiff simply because he did not comply with an order." (Dkt. 78 at 10.) The policy clearly states that "sworn members shall not use force unless other reasonable alternatives have been attempted or those alternatives would clearly be ineffective under the particular circumstances involved." (*Id.*) Plaintiff refers to the Sheriff's policy in Exhibit 2 at page 9. (Dkt. 78-2.) However, this policy's effective date is July 15, 2021. Plaintiff's alleged incident is December 30, 2017. Therefore, the policy Plaintiff relies on was not in effect on December 30, 2017, and therefore is inapplicable to this case. The correct policy is referenced as Ex. E. to Defendants' Statement of Fact and was effective during the date of incident alleged in the Complaint. (Dkt. 64 at Ex. E.) Likewise, Plaintiff mentions Section 720 ILCS 5/7-5.5(e), which was not made effective until July 1, 2021. Again, Plaintiff fails to apply law or policies that was implemented or in force during the date of incident.

Next, even if the policy and statute referenced by Plaintiff from 2021 was in effect, violating a policy is not the same as violating the Constitution. *See* Seventh Circuit Pattern Jury Instruction 7.04; *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that §1983 does not provide a remedy for violations of state statues or regulations); *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071-72 (7th Cir. 1984) (violation of jail regulation regarding cell inspections could support a negligence claim, but not a claim of "callous indifference" actionable under § 1983 where

defendant had no knowledge that inmate was subject to "strong likelihood" of violence). There is no constitutional requirement that a verbal warning by an officer or guard must occur before the use of pepper spray, and the policies cited by Plaintiff were not in effect at the time. Therefore, his arguments attempting to show that there is a genuine issue of material fact as to Plaintiff's excessive force claim should be disregarded, and summary judgment should be granted based on the reasons articulated in Defendants' Motion.

  **V.** **Sgt. Day, Ofc. Mendoza and Ofc. Serrano did not need to intervene to prevent harm to Plaintiff.**

Plaintiff cannot prove his claim for failure to intervene against Ofc. Serrano, Sgt. Day and Ofc. Mendoza. Because Plaintiff failed to prove his burden of excessive force against Lt. Anderson, Lt. Ludwig, Sgt. Day, Inv. Johnson, Inv. Garcia, Ofc. Parker and Ofc. McSwain, he also fails to prove his failure to intervene claim because a constitutional violation needs to exist. Therefore, Ofc. Serrano, Sgt. Day and Ofc. Mendoza had no reason to know that excessive force, or a constitutional violation, had occurred because the facts support that the force used was reasonable in light of Plaintiff's behavior, and any intervention was unnecessary. Summary judgment is thus appropriate as to Plaintiff's failure to intervene claim.

  **VI.** **Defendants are entitled to qualified immunity.**

Defendants' use of force was not objectively unreasonable. But even if, for the sake of argument, a jury could make that finding, it would not change the outcome. Defendants are entitled to qualified immunity. The doctrine of qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)).

Here, Plaintiff has failed to meet his burden to defeat a qualified immunity defense. Plaintiff states that "it was clearly established under both state and federal laws as of December 30, 2017 that officers cannot pepper spray an inmate without prior warning." (Dkt. 78. at 14.) Plaintiff further argues that "Defendants were on notice that refusal to comply with an order without more did not justify pepper spraying Plaintiff without prior warning when he was already handcuffed and was not actively resisting, slamming him on the concrete floor, dragging him on the floor, and then shackling him. (*Id*. at 15.)

These arguments does not advance the ball. Plaintiff has failed to direct the Court to any case law supporting a categorical no "pepper spraying" rule without prior warning by an officer or a person having to be a moving resister. Plaintiff also failed to offer any law that was in effect in 2017 that requires an officer had to give a prior warning before the use of pepper spray. The Seventh Circuit does provide authority prohibiting significant and gratuitous force against subdued suspects in certain circumstances. *See, e.g., Kingsley v. Hendrickson,* 801 F.3d 828, 832 (7th Cir. 2015) (concluding that a reasonable officer was on notice that a manacled, non-resisting suspect already lying on his back did not justify the use of taser); *Miller v. Gonzalez*, 761 F.3d 822, 829 (7th Cir. 2014) (finding that a reasonable jury could have determined that the officer deliberately broke the arrestee's jaw with his knee when the arrestee no longer posed a threat, and was already lying "spread eagle" on the ground); *Rambo v. Daley*, 68 F.3d 203, 207 (7th Cir. 1995) ("The Constitution clearly does not allow police officers to force a handcuffed, passive suspect into a squad car by breaking his ribs."); *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 487 (7th Cir. 2011) (noting that prior cases had established the illegality of the use of pepper spray on an arrestee who was "already ... handcuffed and ... offering no physical resistance" or was "lying face down ... with both arms hand-cuffed behind his back").

9

Moreover, the cases Plaintiff cites are distinguishable from the case at bar. (Dkt. 78. At 14.) On December 30, 2017, Plaintiff was resisting officers during the incident. Although Plaintiff was handcuffed, it was to the front which still made him an active threat to officers. He was an active participant in refusing to transfer to his new housing assignment, as well as not allowing officers to search his clothes when he concealed items tucked into his pants, and Plaintiff resisted allowing officers to reposition his handcuffs to correct placement behind his back. Defendant's use of force was not significant or gratuitous. As already discussed in Defendants' Motion, the use of force was matched by the need. As evidenced by Plaintiff's medical records, he suffered no injuries that suggest otherwise. Plaintiff recovered within a day and was returned to the Cook County Jail without further incident.

In sum, based on the undisputed facts, Defendants are entitled to qualified immunity, because Defendants transferred Plaintiff to his new housing assignment without violating any clearly established right, so they are protected.

## CONCLUSION

WHEREFORE, for the foregoing reasons and those stated in their Motion for Summary Judgment, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Summary Judgment along with fees and costs.

Respectfully submitted,

KIMBERLY M. FOX
State's Attorney of Cook County

By: */s/ Jorie R. Johnson*
Jorie R. Johnson
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
Jorie.Johnson@cookcountyil.gov

10

## **CERTIFICATE OF SERVICE**

I, Jorie R. Johnson, hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff's counsel of record pursuant to ECF, in accordance with the rules of electronic filing of documents on this 28th day of August 2023.

*/s/ Jorie R. Johnson*
Jorie R. Johnson