**UNITED STATES DISTRICT COURT**
**FOR THE NORTHEARN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CV 6500 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| Sheriff Thomas Dart, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO BAR EXPERT OPINION AND TESTIMONY OF KEONA MARSHALL, LPN

Plaintiff Donovan Johnson ("Plaintiff"), by his counsel, Saani Mohammed, hereby submits his Response to Defendants' Motion to Bar Expert Opinion and Testimony of Keona Marshall, LPN. In support thereof, Plaintiff states as follows:

## INTRODUCTION

Plaintiff retained Miss Keona Marshall, LPN to review and evaluate his medical reports. *Def. Ex*. 1, at 1. Miss Marshall obtained an Associate Degree in Nursing from Kennedy King College in Chicago in 2006 and a restorative nursing management license from Rush University. *Def. Ex.* 2. She has been a practicing nurse since 2006. *Id*.

Miss Marshall prepared an expert report. *Def. Ex.* 1. In the report, she indicated that from March 2015 to February 2023, Miss Marshall worked with Maridian Healthcare, and Evolent Healthcare, health insurance companies. (*Def. Ex*. 2, at 1; *Def. Ex*. 3, at 33:10- 35:9, 53:19-; *Def. Ex*. 1, at 2. During that period, she reviewed and analyzed patients' medical information she received from healthcare facilities to determine the medical needs of patients. *Def. Ex*, 1, at 2; *Def. Ex*. 53:19-60:8. Based on her review of those records, she determined the patients' diagnoses and prognoses, and then decides whether to approve the patient for further treatment.

*Def. Ex.* 3, at 33:10- 35:9; 53:19-60:8. Miss Marshall reviews over 30 medical reports daily. *Def. Ex.* 3, at 54:19-55:4.

Miss Marshall further stated in her report that she received and reviewed Plaintiff's complaint, defendants' answers, the incident report, a recorded video of the incident and Plaintiff's medical reports from Stroger Hospital and Melrose Park Family Health Center. *Def. Ex.* 1, at 3. However, she specifically stated that her findings and opinions were already documented in the medical records. *Id.* at 5-6.

In her deposition, she stated that Plaintiff suffered blunt head trauma from the December 2017 incident involving the defendants. *Id.*; *Def. Ex.* 3, at 53:19-60:8. Plaintiff had headaches which have been reoccurring since he first complained about headaches in 2017. *Def. Ex.* 1, at 5-6. When those headaches occur, he suffers throughout the day. (Id.) However, they get worse at night and that makes it difficult for him to fall asleep. *Id.* His momentary memory losses also seem to occur about the same time he experiences these headaches. *Id.* She further observed other than the blunt head trauma she saw nothing in the medical records that seems to cause his headaches to keep reoccurring. *Id.*

Miss Marshall then opined that based on her review of the medical report, Plaintiff has a chronic headache, and that Plaintiff's occasional loss of memory relates to his chronic headaches. *Id.* at 6. She further opined that based on his chronic headaches and occasional memory losses, Plaintiff's chronic migraines may impact his quality of life with risk of mental health or sleep issues at any time such as depression from pain and memory loss. *Id.*

## LEGAL STANDARD

Federal Rules of Evidence 702 and the Supreme Court's opinion in *Daubert* govern the admissibility of expert witness testimony. *Kirk v. Exxon Mobil Cork.*, 870 F.3d 669, 673 (7th Cir. 2017.) Rule 702 states that a witness who is qualified as an expert by knowledge, skills, experience, training, or education may testify in the form of an opinion or others if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of facts to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is a product of reliable principles and methods; and (d) the expert has reliably applied the principle and methods to the facts of the case. *Fed. R. Evid*. 702.

In *Daubert*, the Supreme Court interpreted Rule 702 to require the "district court to act as an evidentiary gatekeeper, ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Kirk*, at 674 (*citing Daubert*, at 589.)

The district court's gatekeeping obligation applies not only to testimony based on scientific knowledge, but also to testimony based on technical and other specialized knowledge. *Kumho Tire Co., Ltd, v. Carmichael*, 526 U.S. 137, 141 (1999); *see also Lees v. Carthage Coll.*, 714 F.3d 516, 521 (7th Cir. 2013) ("[T]he *Dauber* analysis applies to all expert testimonies under Rule 702, not just scientific testimony.") In performing its gate gatekeeper role under Rule 702 and *Daubert*, the district court must engage in a three-step analysis before admitting expert testimony. *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (*quoting Erving v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007.)) A district court must admit the opinion and testimony of an expert if it finds that (1) the proffered witness is qualified, (2) the expert's methodology is reliable, and (3) the expert's testimony is relevant in determining the facts at issue. *Id.*

3

## ARGUMENTS

Contrary to the defendants' assertions, Miss Marshall's expert opinions and testimony are admissible because she is highly qualified, and she provided relevant testimony based on reliable methodology. She has the relevant training, skills and experience to review Plaintiff's medical records and inform the court and a jury exactly what Plaintiff's care providers documented.

### 1) Miss Marshall, LPN is Very Qualified to Offer Opinion and Testimony on Plaintiff's Medical Information.

Under both *Daubert* and Rule 702, Miss Marshall is very qualified. She has been a nurse for over 16 years. She spent over 8 of those years working with both Meridian Healthcare and Evolent Healthcare as a "nurse reviewer." Her task was to review medical clinical documents she received from doctors and hospitals. She reviewed those reports to determine the patients' diagnoses, prognoses, and treatments. She then decided whether to approve or disprove payments for further treatments. She reviewed over 150 medical reports each week. This means she reviewed over 7,800 medical reports annually. She stated during her deposition that over 60 percent and 20 percent of the medical reports she reviewed involved patients with head and back injuries respectively. Clearly, under Daubert and Rule 702 of the Federal Rules of Evidence, Miss Marshall is highly qualified to review, analyze and report the content of those reports. She is also highly qualified to opine on the diagnosis, prognoses and treatments of patients.

### 2) Miss Marshall's Methodology was Very Reliable.

An expert may draw conclusions based on extensive and specialized experience. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999). In her report, Miss Marshall indicated that she reviewed Plaintiff's complaint, defendants' answers, the incident report, a recorded video of the incident and Plaintiff's medical reports from Stroger Hospital and Melrose Park Family Health Center. *Def. Ex.* 1, at 3. However, she specifically stated that her findings and opinions were

already documented in the medical records. *Id.* at 5-6. In her deposition, she stated that her opinions that Plaintiff have been diagnosed with a chronic migraine, and that he suffered occasional memory losses due to those migraines were actually documented in the medical reports. *See, Def. Ex.* 3, at 53:19-61:2.

Miss Marshall was not the only expert to opine that the medical reports indicated that Plaintiff has been diagnosed with chronic headaches. In fact, defendants' own Dr. James Boron also opined that Plaintiff had been diagnosed with chronic headaches and there was no evidence that he had head injury prior to December 30, 2017. *See, Def. Ex. H*, at pages bates stamped JOHNSON, D-20CV6500-000831-000832; *see, also, Def. Ex. U*, at 30:4 – 30:18. Dr. Boron also got the same information Miss Marshall got from the same medical reports from Stroger hospital and Melrose Part Family Health Center. Hence, Miss Marshall's methodology was reliable.

### 3) Miss Marshall's Testimony is Relevant to Plaintiff's Injuries and Their Extents.

A testimony is relevant if it has the tendency to make a fact more or less probable than it would be without it, and the fact is of consequence in determining the action. *Fed. R. of Evid.* 401. Here, Plaintiff's injuries and their extents are at issue. Miss Marshall's findings from the medical reports and her opinions from those findings are relevant to showing the extent of the injuries Plaintiff sustained. Hence, Miss Marshall's testimony is relevant.

Because Miss Marshall is highly qualified, and she provided relevant testimonies based on a reliable methodology, her testimony and opinions are admissible.

WHEREFORE Plaintiff respectfully asks this Honorable Court to deny the defendants' motion to bar Miss Keona Marshall, LPN's expert testimony and opinion.

Respectfully Submitted,

DONOVAN JOHNSON

**By:**   _/S/Saani Mohammed_
**Saani Mohammed, Esq.**

MOHAMMED-LAW LLC
73 W. Monroe Street, Suite 103
Chicago, Illinois 60603
T: 773-823-4343
E: saani@mohammedlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, Saani Mohammed hereby certify that on September 27, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF)

*<u>/S/Saani Mohammed</u>*
**Saani Mohammed, Esq.**