**UNITED STATES DISTRICT COURT**
**FOR THE NORTHEARN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CV 6500 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| Sheriff Thomas Dart, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**CORRECTED PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiff, Donovan Johnson ("Plaintiff"), by and through his attorney, Saani Mohammed, and files this response to the defendants' motion for summary judgment. In support of the motion, Plaintiff states the following:

**TABLES OF CONTENTS**

INTRODUCTION ……………………………………………………………………..……3

STATEMENT OF FACTS ………………………………………...………………..……4

LEGAL STANDARD ……………………………………………………………..………..8

ARGUMENT ……………………………………………………………………..……...9

1. Plaintiff's amended complaint was timely filed against all defendants …………...…… 9
2. Defendants Sgt. Anderson. Lt. Ludwig, Off. Parker, Off. Garcia, Off. Johnson, and Off. McSwain's use of force against the plaintiff was objectively unreasonable and therefore a constitutional violation…………………………………………………….…………11
3. Sgt. Day, Off. Mendoza, and Off, Serrano failed to intervene and protect Plaintiff against excessive force……………………………………………………………..…………15
4. Defendants are not entitled to qualified immunity……………………………………15

CONCLUSION ……………………………………………………………….………………….17

CERTIFICATE OF SERVICE …………………………………………..…………………..19

## TABLE OF AUTHORITIES

**Cases**

*Wilson v. Garcia*, 471 U.S. 261 (1938) ……………………………………..……………….…….9

*Board of Regents v. Tomanio*, 446 U.S. 478 (1980) ………………………...……………..…9

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) …………………………………………….15

*Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985) ……………………………………………..16

*Owens v. Okure*, 488 U.S. 235, 240 (1989) ……………………….…….….……..…….9

*Graham v. Connor*, 490 U.S. 386, 395 (1989) ……………………………………………… 16

*Saucier v. Katz*, 533 U.S. 194, 200 (2001) ……………………………………………….15, 16

*Krupski v. Crosta Crociere Spa*, 130 S. Ct. 2485, 2490 (2010) ……………………………10, 11

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015) ……………………...…….11, 12, 16, 17

*Estate of Phillips v. City of Milwaukee*, 123 F.3d 586 592 (7th Cir. 1997) ……………………..16

*Sallenger v. Oakes*, 473 F.3d 731, 741-42 (7th Cir. 2007) ……………………………………17

*Brooks v. City of Aurora*, Ill., 653 F.3d 467, 478-79 (7th Cir. 2009) ………...…………………16

*Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010) ………………………….. 8

*Samuelson v. LaPort Cty Sch. Corp.*, 52 F.3d 1046, 1051 (7th Cir. 2008) ……………….……….8

*Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002) ………………………...……9

*Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) ……………………………..…………..15

*S.C. Vaughan Oil Co. v. Caldwell Troutt and Alexander*, 181 Ill.2d 489 (1998) ……………….9

*Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc*., 962 N.E.2d 29, 49 (Ill. App. Ct. 2011) ……………………………………………………………………...……..….10

*Zlatev v. Millette*, 43 N.E.3d 153, 163 (Ill. App. Ct. 2015) ………………………..……..……..10

*Owens v. VHS Acquisition Subsidiaries No. 3. Inc*., 78 N.E.3d 470, 485 (Ill. App. Ct. 2017) ….10

**Statutes**

42 U.S.C.A. section 1988……………………………………………………………..………… 9

Fed. R. Civ. P. 15(c)…………………………………………………….………………….. 10, 11

Fed. T. Civ. P. 56(a) ………………………………………………………………….……… 8

720 ILCS 5/7-5.5(e) …………………………………………………………..………….13, 17

735 ILCS 5/13-217 ……………………………………………………………………3. 9, 10, 11

**INTRODUCTION**

This is a refiling of case number 19-cv-4663, which Plaintiff filed pro se. That case was dismissed without prejudice on November 22, 2019, for want of prosecution. Plaintiff refiled the case on November 2, 2020, pursuant to Illinois Statute 735 ILCS 5/13-217, alleging that on or about December 31, 2017, officer of the Cook County Sheriff Department slammed him to the ground and drag him on a concrete floor of the County Jail, as a result of which he sustained head and back head injuries and also briefly lost his consciousness. The lawsuit seeks damages for: (1) use of excessive force in violation of the Fourteenth Amendment to the United State Constitution; (2) failure to protect and intervene; and (3) committing the state law tort of intentional infliction of emotional distress.

On January 20, 2021, Plaintiff sent Waiver of Service to Defendants at the Richard Daley Center located at 50 W. West Washington Street, Room 700, Chicago IL 60602[1]. The Waiver of Service was received on January 22, 2021. *Plaint. Ex. #3*. However, Defendants never returned a signed waiver to Plaintiff.

On February 8, 2021, Plaintiff amended his complaint and replaced the "unknown officers" with the now known Defendants, Lt. Ludwig, Inv. Johnson, Ofc. Parker, Inv. Garcia, Ofc. McSwain, Ofc. Mendoza and Ofc. Serrano, alleging the same claims as the original complaint. (Dkt. 9.) On February 26, 2021, Plaintiff served all the defendants with the summons and the complaints at ccsolegal@cookcountyil.gov.

On June 29, 2021, the defendants filed a motion to dismiss the complaint, arguing that the complaint was not timely filed. The court read the pleadings and denied the motion.

On July 14, 2023, the defendants filed a motion for summary judgment, arguing again that the complaint was untimely filed, their use of force against Plaintiff was objectively reasonable, they are entitled to qualified immunity.

## ARGUMENTS

### I. Plaintiff's Amended complaint was timely filed against all defendants.

Section 1983 does not provide a specific statute of limitations. But 42 U.S.C.A. § 1988 states that where the federal law does not provide a statute of limitations, state law shall apply. In determining which state statute of limitation to apply in 1983 case, the Supreme Court has held that in the interest of national uniformity and predictability, all Section 1983 claims shall be treated as tort claims for the recovery of personal injuries. *Wilson v. Garcia*, 471 U.S. 261 (1938) If the state has various statutes of limitations for different intentional torts, the Supreme Court

[1] Room 700 and 702 are the Cook County Sheriff's offices in downtown Chicago.

mandates that the state's general or residual personal injury statute of limitations should apply. *Owens v. Okure*, 488 U.S. 235, 240 (1989). In Illinois, the applicable statute of limitations for a § 1983 and personal injury claim is two years. *See*, 735 ILCS 5/13-202; *Licari v. City of Chi.,* 298 F.3d 664, 667-68 (7th Cir. 2002).

The Supreme Court has also held that the state tolling statutes apply to Section 1983 cases. (*Board of Regents v. Tomanio*, 446 U.S. 478 (1980)). In Illinois, the applicable state tolling statute is Section 5/13-217.

Section 5/13-217 of the Illinois Code of Civil Procedure provides that, if an action is dismissed for want of prosecution, the plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217. Section 13-217 is a savings statute designed to facilitate disposition of litigation on the merits and to avoid its frustration upon grounds unrelated to the merits. *S.C. Vaughan Oil Co. v. Caldwell Troutt and Alexander*, 181 Ill. 2d 489 (1998). A dismissal for want of prosecution is not a final and appealable judgment on the merits because, pursuant to Section 5/13-217, plaintiffs have an absolute right to re-file the action against the same parties and to re-allege the same cause of action. (*Id*)

Here, the incident occurred on December 30, 2017, and the original complaint was filed within the two-year period on August 21, 2019, against Sergeant Day, Sergeant Anderson, and Unknown officers. The original complaint was dismissed on November 22, 2019, for want of prosecution. Petitioner re-filed the complaint on November 2, 2020, under a new case number. The claims in the re-filed case are not new, and they were against the same officers, except that the unknown officers are now known by their names and star numbers. The November 2, 2020,

date is clearly within the one-year tolling period pursuant to Section 5/13-217. Therefore, Plaintiff's claim against the defendants is not time-barred.

Federal Rule of Civil Procedure Rule 15(c) governs "when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations.""'*Krupski v. Crosta Crociere Spa*, 130 S.Ct. 2485 2490 (2010) (defining mistake as a wrong action or statement proceeding from faulty judgment, inadequate knowledge or inattention). Post-*Krupski*, Illinois courts have held that not knowing the identity of a defendant constitutes a mistake concerning the proper party's identity. *See, e.g*., *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc*., 962 N.E.2d 29, 49 (Ill. App. Ct. 2011) (concluding that a lack of knowledge about the identity of all those involved in the alleged wrong doing qualifies as a mistake concerning the identity of the proper parties); *Zlatev v. Millette*, 43 N.E.3d 153, 163 (Ill. App. Ct. 2015)(a lack of knowledge regarding a party's identity may constitute a mistake concerning the identity of the proper party); *Owens v. VHS Acquisition Subsidiaries No. 3. Inc.*, 78 N.E. 3d 470, 485 (Ill. App. Ct. 2017)(stating that if a party is aware of a lawsuit arising out of a set of facts which he was involved, and knows or should have known that the only reason he was not sued is the mistake on the plaintiff's part, that party is hard pressed to claim unfair treatment when the plaintiff later discovers the mistake and sues him). *Rule 15(c)(1)(C)* depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. *Krupski* 120 S.Ct at 2490.

Here, the original complaint was filed within the one year allowed by (735 ILCS 5/13-217, against Sergeant Anderson, Sergeant Day and all unknown officers for the incident that occurred on December 30, 2017. Defendants, Lt. Ludwig, Inv. Johnson, Ofc. Parker, Inv.

Garcia, Ofc. McSwain, Ofc. Mendoza and Ofc. Serrano were all participants in the December 30, 2017, incident that led to this lawsuit, and are represented by the same attorney as Sergeant Anderson and Sergeant Day. They knew or should have known that a lawsuit would have been brought against them, but for the plaintiff's inadequate knowledge about their true identities because at minimum they had constructive notice of the lawsuit. Therefore, the complaint was properly amended to include the additional defendants. Hence, the amended complaint was timely filed.

## II. Defendants Sgt Anderson, Lt Ludwig, Off Parker, Off Garcia, Off Johnson and Officer McSwain's use of force against the plaintiff was objectively unreasonable and therefore constituted a constitutional violation.

The Fourteenth Amendment Due Process Clause protects a pretrial detainee from the use of excessive force against pretrial detainees. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015). To succeed in an excessive use of force claim, Plaintiff must prove the force used was objectively unreasonable. *Id*. at 2473. In determining reasonableness, the Court considers "the perspective of a reasonable officer on the scene, including what the officer knew at the time." *Id*. At the summary judgment stage, the question is whether a reasonable jury could find the force used by the officers objectionably unreasonable. This question depends on factors including: (1) the relationship between the need for the force and the amount used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or limit the amount of force; (4) the severity of the problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. *Kingsley*, 135 S. Ct. at 2473.

Here, the relationship between the need for force and the amount used weighs heavily in Plaintiff's favor. Prior to the pre-planned use of force, Plaintiff was in the attorney visiting room

by himself handcuffed, and that he was not a threat to himself, other inmates, civilians, or staff. *Def. Ex. A.* ¶¶ 27:7- 31:1; *Def. Ex. G.* The only reason why he was OC sprayed was because "he refused to obey" an order to leave the attorney visiting room to go to is tier. However, under the Sheriff Department's own use of force policy guidelines, the defendants were not justified in deploying an OC spray on the Plaintiff simply because he did not comply with an order. The policy clearly states that "sworn members shall not use force unless other reasonable alternatives have been attempted or those alternatives would clearly be ineffective under the particular circumstances involved." *Plaint. Ex.. # 2.* ¶ 9, para 1. Because the Plaintiff was already handcuffed and was not a threat to himself or staff, and the defendants never attempted to use alternative means to resolve the issue, the use of the OC spray on Plaintiff was objectively unreasonable.

Second, the Plaintiff had an abrasion to the top of his right eye when he got to the hospital. *Def. Ex. U.* at 14:10-14:16. At the hospital, he was diagnosed with a blunt head trauma and back injury. *Id.* at 15:1- 41:20. Dr. James Boron stated that blunt head trauma is a major injury and can cause chronic headaches. *Id.* Plaintiff has developed chronic headaches and back injury because of injuries he sustained from the incident, as evidenced by Dr. Boron deposition and the medical reports from the Cook County Hospital systems and Melrose Park Family Healthcare. *Id.* His prior back injury from the motor vehicle accident spinal whiplash was aggravated when the defendants slammed him on the concrete floor. *Id.* Plaintiff continues to take medications for headaches and back pain. The serious nature of the injuries clearly weighs in Plaintiff's favor.

Third, the defendants made no efforts temper or limit the force. Plaintiff advised both Sergeant Day and Sergeant Anderson to look over the cameras to try to locate his pictures and

they rejected the advice. Plaintiff pleaded with the defendants that he could not stay on the same tier as the inmates who took his property because there would be problems, and the defendants ignored his plea. They ignored his pleas and instead pepper sprayed him while he was handcuffed, slammed him to the concrete floor, and then shackled him. Not only did they ignore the Plaintiff's constitutional right, but they also ignored a clearly established state law prohibits the use of OC spray without a warning to the subject. *See*, 720 ILCS 5/7-5.5(e). Section 5 of Illinois compiled statutes states in pertinent parts that a peace officer acting under the color of law shall not use chemical agents or irritants for, including pepper spray prior to issuing an order to comply in "a sufficient manner to allow for the order to be heard and repeated if necessary, followed by sufficient time and space to allow compliance with the order unless providing such time and space would unduly place a sworn member or another person at risk of death or great bodily harm." *Id*. The defendants knew the law. For instance, defendants Garcia and McSwain stated that officers are required to warn an inmate before deploying an OC spray and that was not done in Plaintiff's case. *Def. Ex. # T*, ¶¶ 16-9. Moreover, the defendants made no efforts to escort Plaintiff to his tier. In fact, defendants Serrano and Parker stated that they could have escorted Plaintiff to his tier if they wanted to. Because defendants failed to use alternative means to resolve the situation, it was objectively unreasonable to OC spray his face.

Fourth, the severity of the problem at issue also weighs in favor of the Plaintiff. The whole issue was about missing property and the Plaintiff not wanting to be housed with the people he believed were looking to start trouble with him. *Def. Ex. A*, ¶¶ 24:24-34:23. Defendants could have either sent Plaintiff to a different tier or explained to him why he could not be transferred. Instead, defendants decided to resort to unnecessary and excessive force to get

Plaintiff to comply. Because the problem was not serious and it was the defendants who escalated it, the use of force was objectively unreasonable.

Fifth, the threats reasonably perceived by the officers' weigh in Plaintiff's favor. All the defendants testified in their depositions that prior to the pre-planned use of force, Plaintiff was by himself handcuffed in the attorney visiting room. *See, e.g. Def. Ex*. #N, ¶ 30. They did not see or hear him make any threats towards any officer. Even Sergeant Anderson stated that when she was in the visiting room alone with him, he did not threaten her or used any provoking and insulting words against her. *Id*. at ¶¶ 39-40 Clearly Plaintiff was already restrained and was outnumbered by one to nine. Because plaintiff was not a threat, OC spraying him was objectively unreasonable.

Six, the UFRU of the Sheriff's office described plaintiff as a non-moving resister. *Plaint. Ex*. # 1. ¶ 2. The sheriff's office defines a non-moving resister as the subject whose "behavior does not attempt to flee or to create distance but simply tries not to be moved." *Def. Ex.* # E. ¶ 4. This behavior is corroborated by the deposition testimonies of all the defendants when they said Plaintiff never attempted to escape from jail and was never violent towards the defendants. Hence, he was not actively resisting.

Because all these factors weigh in Plaintiff's favor, a reasonable jury could find that Defendants Lt. Anderson, Lt. Ludwig, Inv. Johnson, Inv. Garcia, Ofc. Parker, and Ofc. McSwain's use of force against him was objectively unreasonable.

## III. Sergeant Day, Officer Mendoza and Officer Serrano failed to intervene and protect Plaintiff against excessive force.

A by-standing officer may be held liable under Section 1983 if they "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring". *See, Lewis v. Downey*, 581

F.3d 467, 472 (7th Cir. 2009). Here, both defendants Serrano and Mendoza stated in their depositions that the defendants could have escorted the Plaintiff out of the visiting room to his cell if they wanted to. They have also stated that they did not observe the Plaintiff to be a threat to himself or officers when he was in the attorney visiting room alone handcuffed. Defendant Serrano stated in her deposition that officers are required to give verbal warning before an OC can be deployed on an inmate. *Def. Ex. # S*, ¶¶ 20-21. Moreover, Defendant Sergeant Day stated that Plaintiff should have been referred to the medical department before being maced when he said he had asthma. *Def. Ex. # R*, ¶¶ 40-50. Because these defendants observed their colleagues violated Plaintiffs constitutional rights and did nothing about it, they failed to intervene to protect the Plaintiff. Therefore, a reasonable jury could find that such failure to intervene and protect the Plaintiff was objectively unreasonable.

## IV. **The defendants were not entitled to qualified immunity.**

Governmental actors performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the Supreme Court articulated a two-part inquiry to determine whether a government actor is entitled to qualified immunity. First, the plaintiff must present evidence that, taken in the light most favorable to the plaintiff, would allow a reasonable fact finder to determine that he has been deprived of a constitutional right. *Id.* at 201, 121 S.Ct. 2151. If the plaintiff meets that burden, he must also show that the particular constitutional right was clearly established at the time of the alleged violation. *Id.* If the right was clearly established, the government actor is not entitled to qualified immunity.

Here, with respect to the first part of the inquiry, the Plaintiff alleges that he was handcuffed, OC sprayed, slammed to a concrete floor and then shackled even though he was not actively resisting. Because Plaintiff was a pre-trial detainer, his claim must be analyzed under the Fourteenth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395, 397 (1989). To determine whether the force used was objectively unreasonable, courts much examine the "totality of the circumstances" surrounding the incident. *Tennessee v. Garner*, 471 U.S. 1 8-9 (1985); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586 592 (7th Cir.1997). "The severity of the offense at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" are specific factors for courts to consider. *Graham*, 490 U.S. at 396. As discussed earlier, all of these factors weigh heavily in Plaintiff's favor. Because a reasonable jury could find that the force used against Plaintiff was objectively unreasonable, he will be able to show that his constitutional rights were violated.

This right was clearly established under both state and federal laws as of December 30, 2017. *See, e.g.*, *Kingsley v. Hendrickson*, 801 F.3d 828, 833(7th Circ. 2015) (*citing Brooks v. City of Aurora*, Ill., 653 F.3d 467, 478-79 (7th Cir. 2009)(noting that this Court's precedent has already established the illegality of using pepper spray on an arrestee who was already handcuffed and offering no physical resistance or was lying face down with both armed handcuffed behind his back)); 720 ILCS 5/7-5.5(e) (stating that officers cannot pepper spray an inmate without prior warning). This statute has been adopted and included in the Cook County Sheriff Department's use of force training manual. *See Plaint. Ex*. #2, ¶¶ 13-14. Also, this Court has determined that, "in its evaluation of the officers' conduct for immunity purposes, the fact that the force was

applied after the arrestee was handcuffed was a significant factor in denying immunity." *Kingsley*, 801 F.3d at 833 (citing *Sallenger v. Oakes* 473 F.3d 731, 741-42 (7th Cir.2007). Because of the Court's precedents and state statute the defendants were on notice that refusal to comply with an order without more did not justify pepper spraying him without prior warning when he was already handcuffed and was not actively resisting, slamming him on the concrete floor, dragging him on the floor, and then shackling him. Therefore, the defendants are not entitled to qualified immunity.

**CONCLUSION**

WHEREFORE, Plaintiff requests that this Honorable Court denies the defendants motion for summary judgment and provide such other reliefs the Court deems necessary and proper.

Respectfully Submitted,
DONOVAN JOHNSON

**By:** ***/S/Saani Mohammed***
**Saani Mohammed, Esq.**

MOHAMMED-LAW LLC
73 W. Monroe Street, Suite 103
Chicago, Illinois 60603
T: 773-823-4343
E: saani@mohammedlawfirm.com

**CERTIFICATE OF SERVICE**

I, Saani Mohammed hereby certify that on September 27, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF)

**/S/*Saani Mohammed***
**Saani Mohammed, Esq.**