UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donovan Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Case 20 C 6500 |
| | ) | |
| vs. | ) | Judge Andrea R. Wood |
| | ) | |
| Lt. Tamara Anderson, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO BAR EXPERT OPINIONS AND TESTIMONY OF LPN KEONA MARSHALL**

Defendants, Lt. Anderson, Sgt. Day, Lt. Ludwig, Inv. Johnson, Inv. Garcia, Ofc. Serrano, Ofc. Mendoza, and Ofc. Parker, by their attorney, KIMBERLY M. FOXX, Cook County State's Attorney, through her Assistant State's Attorney, Jorie R. Johnson, and Officer McSwain, through her attorneys, Special State's Attorneys, Troy Radunsky and Zachary Stillman, ("collectively, Defendants"), respectfully request that this Court bar the expert opinions and deposition testimony of Plaintiff, Donovan Johnson's ("Plaintiff") proposed expert witness, LPN Keona Marshal ("Ms. Marshall"), or in the alternative, conduct a *Daubert* hearing[1]. In support thereof, Defendants reply as follows:

**INTRODUCTION**

In his Response, Plaintiff attempts to downplay Ms. Marshall's lack of qualifications and failure to review relevant evidence when giving her expert opinions. First, it is clear that Ms. Marshall should not be permitted to offer opinions regarding the diagnosis treatment, or prognosis of a medical condition, or the standard of care for medical doctor. She is a licensed practical nurse, not a doctor. Second, Ms. Marshall's opinions and deposition testimony are products of unreliable

---

[1] *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993)]*

1

methodology based on insufficient facts and data. Ms. Marshall should never have relied on an incomplete medical record when formulating her opinion. For the reasons stated below and in the Motion to Bar, Defendants ask that the Court bar Ms. Marshall from testifying as an expert witness, or in the alternative, conduct a *Daubert* hearing.

**ARGUMENT**

**I. Ms. Marshall should be excluded from offering opinions regarding the diagnosis, treatment, or prognosis of a medical condition, or the standard of care for medical doctor, because she is not a doctor.**

Plaintiff's attempt to overcome Ms. Marshall's inadequate qualifications in his Response are ineffective. Plaintiff fails to even address the most problematic issues, that Ms. Marshall opined that as a licensed practical nurse she can render opinions about the standard of a medical doctor. Further, she provided testimony regarding the diagnosis, prognoses, and treatments of patients far outside the scope of her expertise as a licensed practical nurse. Plaintiff simply bypasses these issues and relies on the fact that Ms. Marshall has been a licensed practical nurse for over sixteen years, and she spent eight of those years as a "nurse reviewer." (Dkt. 83 pg. 4.) Plaintiff tries to explain away the truth by stating that during Ms. Marshall's time as a nurse reviewer, she was tasked with reviewing medical clinical documents she received from doctors and hospitals to decide whether to approve or disapprove further treatments. (*Id.*)

Plaintiff also states that Ms. Marshall reviewed over 150 medical reports each week and over 7,800 medical reports annually. (*Id.*) Plaintiff then continues that this allowed Ms. Marshall to be familiar with patients who had head and back injuries, and thus qualifies her as an expert capable of opining about any doctors, nurse practitioners, or physician assistants' diagnosis, prognoses, and treatment of patients. (*Id.*) However, this "expertise" is not enough to opine about the standards of care for a medical doctor, a practice in which she does not hold license. (Dkt. 74

at Ex. A 13:7 – 14:1.) Ms. Marshall, as a licensed practical nurse, cannot provide a patient with any diagnosis, plan of treatment, or a prognosis like a doctor can. (Dkt. 74 at Ex. A 52:12 – 52:16.)

It is well-established under Illinois law that "[t]he health-care expert witness must be a licensed member of the school of medicine about which the expert proposes to testify." *Sullivan v. Edward Hosp.*, 209 Ill. 2d 100, 113-15, 806 N.E. 2d 645, 654-55, 282 Ill. Dec. 348, 357-58 (2004) (foundational requirements for expert opinion are (1) "expert must be a licensed member of the school of medicine about which he proposes to testify; and, (2) expert must be "familiar with methods, procedures, and treatments ordinarily observed . . . ."). While Ms. Marshall may have expertise as a licensed practical nurse, she does not have expertise, by her own admissions, to offer opinions about a licensed medical doctor. (Dkt. 74 at Ex. A 13:7 – 14:1.) As a result, the expert testimony of a licensed medical doctor would be required to establish any diagnosis, treatment, or prognoses that was provided to the Plaintiff, or any standard of care regarding any diagnosis, treatment, or prognoses that was provided to the Plaintiff in this pending litigation. Ms. Marshall, who is a licensed practical nurse, is not qualified to testify about any diagnosis, treatment, or prognosis of a medical condition, or the standard of care for medical doctor, and her opinions on such should be barred in their entirety.

**II.     Ms. Marshall's relied on an incomplete medical record, no deposition testimony and failed to review other important factual documents tendered in this case.**

Plaintiff argues that "an expert may draw conclusions based on extensive and specialized experience." However, Ms. Marshall did not even rely on a complete set of medical records, deposition testimony and other key documents to make her conclusions. Ms. Marshall admits she only reviewed Plaintiff's complaint, Defendants' answers, the incident report from December 30, 2017, a recorded video of the incident from December 30, 2017, and Plaintiff's medical records from Cook County Stroger Hospital and Melrose Park Family Health Center. (Dkt. 83 at pg. 4.) Ms. Marshall failed to

review any of the parties' or witnesses' deposition transcripts, she did not review any statements from any witness or any party, she failed to interview any witness or participant independently, she did not review any Plaintiff's medical records from University of Chicago regarding his prior back injuries, she did not review Plaintiff's Illinois Department of Corrections ("IDOC") medical records, and she did not review any policies or procedures of Cook County Health or the Cook County Sheriff. (Dkt. 74 at Ex.C, at 35:10 - 38:24.)

Plaintiff incorrectly states in his Response that Ms. Marshall's reported findings and opinions were already documented in the medical records. (Dk. 74 at Ex. A pgs. 5-6.) However, Plaintiff never addresses why an incomplete review of Plaintiff's full medical records, deposition testimony and other relevant documents should be trusted under the *Daubert* standard.

Additionally, Plaintiff argues in his Response that Ms. Marshall was not the only expert to opine that the medical reports indicated that Plaintiff has been diagnosed with chronic headaches, but that Defendants' expert witness, Dr. James Boron, also opined that Plaintiff had been diagnosed with chronic headaches and there was no evidence that he had head injury prior to December 30, 2017. (Dkt. 84 at pg. Plaintiff is incorrect. Instead, Defendants' expert witness, Dr. James Boron, noted that on October 12, 2017, Plaintiff had a hematoma on the rear left side of head, which was a head injury prior to the date of the incident of December 30, 2017. (Ex. 1 Deposition of Dr. James Boron at 52:12 – 54:14.)

Overall, Ms. Marshall failed to review the entirety of Plaintiff's medical records, available deposition testimony and other key documents. As noted above, an expert may draw conclusions based on extensive and specialized experience, but such opinions are only admissible to the extent they are reasoned and founded on data. *Kumho Tire Co. v. Carmichael,* 526 U.S. at 137, 156 (1999), *Lang v. Kohl's Food Stores*, *Inc*., 217 F.3d 919, 924 (7th Cir. 2000) ("Talking off the cuff – deploying neither data nor analysis – is not an acceptable methodology."). Ms. Marshall's conclusions were not founded

4

on data as she failed to review Plaintiff's complete medical records that were available to her, along with other evidence.

Therefore, Ms. Marshall's "experience-based" conclusions do not satisfy *Daubert*'s reliability standard. Plaintiff fails to articulate in his Response how Ms. Marshall's ability to read numerous pages of medical records as a licensed practical nurse gives her the ability to diagnose Plaintiff and render an opinion on his diagnosis, treatment, and prognosis by a licensed medical doctor. Consequently, Ms. Marshall's methodology falls short of what *Daubert* requires.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the expert opinions and deposition testimony of LPN Keona Marshall be excluded, and that LPN Keona Marshall be barred from testifying, or in the alternative request that the Court conduct at *Daubert* hearing.

Respectfully submitted,

KIMBERLY M. FOX
State's Attorney of Cook County

By: */s/ Jorie R. Johnson*
Jorie R. Johnson
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
Jorie.Johnson@cookcountyil.gov

By: */s/ Troy S. Radunsky*
Troy S. Radunsky
Zachary G. Stillman
DeVore Radunsky LLC
230 W. Monroe, Suite 230
Chicago, Illinois 60606
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## **CERTIFICATE OF SERVICE**

I, Jorie R. Johnson, hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff's counsel of record pursuant to ECF, in accordance with the rules of electronic filing of documents on this 17th day of October 2023

/s/ *Jorie R. Johnson*
Jorie R. Johnson