UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donovan Johnson, | ) |
| Plaintiff, | ) 20 CV 6500 |
| vs. | ) Judge Andrea R. Wood |
| Lt. Tamara Anderson, et. al, | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, Lt. Anderson, Sgt. Day, Lt. Ludwig, Inv. Johnson, Inv. Garcia, Ofc. Serrano, Ofc. Mendoza, and Ofc. Parker, by their attorney, KIMBERLY M. FOXX, Cook County State's Attorney, through her Assistant State's Attorney, Jorie R. Johnson, and Ofc. McSwain, through her attorneys, Special State's Attorneys, Troy Radunsky and Zachary Stillman, (collectively, "Defendants") and in support of their Motion for Summary Judgment (the "Motion"), reply as follows:

**INTRODUCTION**

On September 27, 2023, and September 28, 2023, Plaintiff filed his Responses to Defendants' Motion. (Dkts. 83, 86.) Plaintiff also filed a Response to Defendants' Statement of Facts ("SOF"), pursuant to LR 56.1 (b)(2), where he responds to *some* of the facts, but fails to attach or file any exhibits he identifies in his Response with the label "Plaintiff's Exhibit", which violates the rules. (Dkt. 85.) Notably, Plaintiff did not file an additional statement of facts pursuant to LR 56.1 (b)(3).

Additionally, in his Response to Defendants' Motion, Plaintiff provides no supportive

evidence to substantiate the claims made against Defendants in his Amended Complaint to show a genuine issue of material fact exists. As a result, summary judgment should be granted because Plaintiff's claims are barred by the statute of limitations, no equitable doctrine can save them, Plaintiff cannot prove his claims of excessive force and failure to intervene, and Defendants are entitled to qualified immunity.

**ARGUMENT**

**I.     Plaintiff failed to properly respond to Defendants' Statement of Facts and 1-14, 20, 21, 24, 54, 56, 59, 79 should be deemed as admitted.**

Throughout, Plaintiff failed to properly respond to Defendants' SOF. Pursuant to Rule 56(e)(2), if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). "Rule 56(e)(2) and Seventh Circuit case law plainly provide that when a party fails to respond to a Rule 56.1 statement of facts, those facts shall be deemed admitted for purposes of the motion." *Brown v. Navarro*, No. 09 C 3814, 2012 U.S. Dist. LEXIS 129697, at *7 (N.D. Ill. Sep. 11, 2012); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion").

First, Plaintiff does not provide a citation to the record to dispute SOF 20, 21, 24, 54, and 80. (Dkt. \_\_\_.) Therefore, they should be deemed admitted. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion").

Second, Plaintiff provides responses and citations directing the Court to "Plaintiff's

Exhibits" to dispute Defendants' SOF 56, 59, and 79. However, there are no exhibits provided by Plaintiff as required by Local Rule 56.1(b)(2). (Dkt. 85.) As such, the Court should deem these facts admitted. Finally, Plaintiff does not respond to Defendants' SOF 1 through 14 and they should also be deemed admitted. (Dkt. 85.)

> II. **Plaintiff failed to timely serve all Defendants before the statute of limitations expired for his claims.**

To begin, Plaintiff filed two Corrected Responses to Defendants' Motion, one on September 27, 2023, and the other on September 28, 2023. (Dkts. 84, 86.) Defendants ask this Court to strike the September 28, 2023 filing and all attached exhibits, as it was untimely. Plaintiff was not granted leave by the Court to make an additional filing after the deadline set in briefing schedule on September 6, 2023. (Dkt. 80.)[1]

First, Plaintiff fails to distinguish any of the cases cited by Defendants regarding his time-barred claims. Instead, Plaintiff only references cases from the Illinois Appellate Court. These are non-persuasive in this District, where the controlling authority is federal law. *See Licari v. City of Chi.*, 298 F.3d 664, 667-68 (7th Cir. 2002) ("In Illinois, the applicable statute of limitations for a Section 1983 claim is two years"); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("A claim of excessive force under Section 1983 'accrues immediately' at the time the alleged excessive force occurs.").

Second, Plaintiff fails to argue why equitable tolling does not apply in this case, therefore, any arguments on those subjects are waived. *See Clay v. Kuhl*, 189 Ill. 2d 603, 244 Ill. Dec. 918, 727 N.E.2d 217, 223 (2000); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*,

---

[1] Defendants' arguments in their Reply respond to those stated in Plaintiff's Response to Defendants' Motion for Summary Judgment filed on September 27, 2023. (Dkt. 84.) Defendants however note that the Court may apply all arguments in their Reply to Plaintiff's filed Response to Defendants' Motion on September 28, 2023, (Dkt. 86.) should the Court take Plaintiff's untimely Response into consideration for review.

818 F.3d 334, 339-40 (7th Cir. 2016). Therefore, Defendants stand on their argument that the statute of limitations was not tolled in this case, and summary judgment is appropriate here.

In his Response, Plaintiff incorrectly states that he timely filed his lawsuit against all Defendants and placed them on notice to the claims. (Dkt. 84 at pg. 7.) He is wrong. The underlying incident occurred on December 30, 2017, and on August 21, 2019, Plaintiff filed his original complaint against Sergeant "Dae" *SIC* and Sergeant Anderson. (Case No. 19-cv-4663, Dkt. 6.) There were no other defendants named in this complaint. (*Id*.) On November 22, 2019, this Court dismissed Plaintiff's case for want of prosecution and for failure to effectuate service of process. (Case No. 19-cv- 4663, Dkt. 22.)

Over two years after the alleged incident, on November 2, 2020, Plaintiff filed a new action with a new case number naming Sergeant "Dae" *SIC*; Sergeant Anderson; Thomas Dart, Cook County Sheriff; County of Cook, Illinois; and Unknown Officers. (Dkt. 1.) Again, there was no service on these Defendants, as noted by the Court, so a status report was ordered. (Dkt. 7.) Finally, on February 8, 2021, Plaintiff amended his complaint naming all the current Defendants: County of Cook; Sheriff Thomas Dart; Sgt. Olivia Day; Lt. Tamara Anderson; Investigator Daniel Johnson; Officer Michael Parker; Officer Crystal McSwain; Officer Christina Mendoza; Investigator Martin Garcia, Officer Delilah Serrano, and Lt. James Ludwig. (Dkt. 9.) Plaintiff first requested waivers of service through summons in the case at bar from Defendants on February 26, 2021. (Dkt. 11.) On March 23, 2021, Defendants first appeared through their attorney. (Dkts. 14-22.) Defendants were not properly served and notified of the claims against them in this matter before March 23, 2021. Although Plaintiff's claims the allegations made in his amended re-filed case are not new, they were not against the same original parties named in the initial complaint, and it was well after the two-year statute of limitations had expired.

Additionally, Plaintiff misconstrues Fed. R. Civ. P. 15(c)(1)(C) and the meaning of the word "mistake". Plaintiff named "Unknown Officers" in his lawsuit, dated November 2, 2020, but "[a] plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity. . . [a]ccordingly, once the statute of limitations period expires, [a plaintiff] cannot amend his complaint to substitute a new party in place of 'John Doe.'" *Gomez v. Randle*, 680 F.3d 859, 864, n.1 (7th Cir. 2012) (internal citation omitted); *see also Mohamed v. WestCare Ill., Inc.*, 786 Fed. Appx. 60, 61 (7th Cir. Nov. 26, 2019); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, J., concurring).

In his Response, Plaintiff mistakenly relies on *Krupski v. Crosta Crociere Spa*, where the court defined mistake as depending "on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." 130 S. Ct. 2485, 2490 (2010). (Dkt. 78. at pg. 9.) However, the Seventh Circuit has recently made clear in *Herrera* that Rule 15(c)'s "mistake" clause does not apply when the plaintiff "simply lacks knowledge of the proper defendant." *See Herrera v. Cleveland*, 8 F.4th 493, 496-97 (7th Cir. 2021); *Gomez*, 680 F.3d at 864 (noting that in a John Doe case, a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c)"); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) (explaining that a plaintiff's "lack of knowledge" as to the defendants' identities does not amount to "a mistake in their names"). Plaintiff named "Unknown Officers" due to his admitted lack of knowledge regarding their identities. (Dkt. 84 at pg. 4.) As a result, Plaintiff cannot provide any valid excuse

5

as to why an amendment to the original claim on the grounds of mistake can be properly applied using the relation-back doctrine under Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff argues Defendants knew or should have known that a lawsuit would have been brought against them through their uniform representation by the same attorney and but for Plaintiff's inadequate knowledge about their true identities, they would have been served with Plaintiff's claims sooner. (Dkt. 84 at pg. 7.) Plaintiff attempts to make an ancillary argument that when he re-filed his original complaint it was filed within the one-year time period allowed by under the Illinois Compiled Statute - 735 ILCS 5/13-217. (Dkt. 84 at pgs. 6, 7.) This re-filing was against Defendants Lt. Anderson, Sgt. Day and "all unknown officers" for the incident that occurred on December 30, 2017; however, contrary to Plaintiff's position, this pleading did not place all Defendants including Lt. Ludwig, Inv. Johnson, Ofc. Parker, Inv. Garcia, Ofc. McSwain, Ofc. Mendoza and Ofc. Serrano on notice of the claims of the current pending lawsuit. (*Id.*)

It is true that all currently named Defendants were involved in an incident that occurred on December 30, 2017, that involved Plaintiff Donovan Johnson, but simply being represented by the same attorney at the Cook County State's Attorney's Office does not automatically put those Defendants on notice. (Dkt. 84 at pg. 7.) Additionally, counsel for Defendants did not first appear for any Defendant until March 17, 2021. (Dkt. 13.) More telling, Defendants have provided testimony that they were unaware of the pending claims against them as alleged by Plaintiff in this lawsuit until March of 2021, when informed through their counsel. (Dkt. 64 at ¶79.)

Therefore, neither the relation back doctrine nor equitable tolling save Plaintiff's time-barred claims against Defendants filed after December 30, 2019, because they are two years past the alleged incident on December 30, 2017. The Court should grant summary judgment in favor of Defendants on these claims.

### III. Lt. Anderson, Lt. Ludwig, Sgt. Day, Inv. Johnson, Inv. Garcia, Ofc. Parker and Ofc. McSwain did not use excessive force against Plaintiff.

Contrary to Plaintiff's position, Defendants' use of force was objectively reasonable when analyzing it under the *Kingsley* factors. As seen in video footage, Plaintiff was non-compliant, actively hostile, and defiant when he refused to change housing assignments, refused to be searched after concealing items in his pants, and refused multiple direct requests from Defendants. (Dkt. 64 at ¶¶ 37-53.) Plaintiff's arguments that he was a non-moving resister, he was restrained, he was outnumbered by one to nine, and he was not a threat, are disputed by the objective video evidence. (Dkt. 84 at pgs. 7 -10.) Documents from the date of incident also support that the limited use of OC spray as not excessive, but reasonable given Plaintiff's behavior. (Dkt. 78-1 at pg. 2.)

Throughout his Response, Plaintiff repeatedly misstates record testimony from witnesses and verifiable medical records, both in his Response to Defendants' Statement of Facts and in his Responses to Defendants' Motion. Plaintiff was never diagnosed with a back injury after the incident on December 30, 2017, as evidenced by his Cook County medical records from the date of incident, and testimony from his treating physician from the same date of the incident, Dr. James Boron. (Dkt. 64 at ¶ 74.) Plaintiff was never prescribed ibuprofen by Dr. Boron or any other physician at the facility upon his discharge from Stroger Hospital on December 31, 2017. (Dkt. 64 at Ex. U. at 28:1 – 28:22; 38:21 – 41:12.) Plaintiff was given ibuprofen while being an admitted patient apart of the Stroger Hospital Facility. (*Id.* at 38:21 – 41:12.) Dr. Boron never categorized Plaintiff's self-reported injury of a blunt head trauma as a major injury, only Plaintiff's counsel characterized the injury as such. (Dkt. 64. at Ex. U. at 19:5 – 20:4.) Plaintiff's medical records show Plaintiff's subjective complaints of headaches and migraines, which vary on and off for many years. (Dkt. 64 at ¶ 77.) Overall, Plaintiff has not provided any verifiable medical evidence that he can attribute to Defendants as the cause of his alleged injuries from the incident on December 30,

7

2017. Plaintiff admittedly stated in his medical records, deposition testimony, and in his Response that he has had prior back injuries from motor vehicle accidents. (Dkt. 64 at ¶15; Dkt. 84 at pg. 8.) Plaintiff was also involved in many altercations while he was a detainee, and he had injuries to his head prior to the incident with Defendants. (Dkt. 64 at ¶¶ 20, 21, 75.)

With respect to Plaintiff's argument that he should have been warned before OC spray was deployed, he erroneously attempts to hold individual Defendants liable for violating policies and statutes that were not in effect during the date of incident. Plaintiff begins his argument by stating, "under the Sheriff Department's own use of force policy guidelines, the defendants were not justified in deploying an OC spray on Plaintiff simply because he did not comply with an order." (Dkt. 84 at 8.) The policy clearly states that "sworn members shall not use force unless other reasonable alternatives have been attempted or those alternatives would clearly be ineffective under the particular circumstances involved." (*Id*.) Plaintiff refers to the Sheriff's policy that he does not attach to his current filed Response to Defendants' Motion[2] at page 9. (Dkt. 78-2.) However, this policy's effective date is July 15, 2021. Plaintiff's alleged incident is December 30, 2017. Therefore, the policy Plaintiff relies on was not in effect on December 30, 2017, and therefore is inapplicable to this case. The correct policy is referenced as Ex. E. to Defendants' Statement of Fact and was effective during the date of incident alleged in the Complaint. (Dkt. 64 at Ex. E.) Likewise, Plaintiff mentions Section 720 ILCS 5/7-5.5(e), which was not made effective until July 1, 2021. Again, Plaintiff fails to apply law or policies that was implemented or in force during the date of incident.

---

[2] Plaintiff's Exhibits are attached to his previously filed Response to Defendants' Motion on July 26, 2023, at Dkt. 78 as 78-1, 78-2. and 78-3 for the Courts reference if needed. Plaintiff also attempted to re-file his Response to Defendants' Motion on September 28, 2023 at Dkt. 86 but Defendants have requested this filing be stricken for the record. Plaintiff's Exhibits are attached to this filing as 86-1, 86-2, and 86-3, but should be stricken as well for the record.

8

Next, even if the policy and statute referenced by Plaintiff from 2021 was in effect, violating a policy is not the same as violating the Constitution. *See* Seventh Circuit Pattern Jury Instruction 7.04; *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that §1983 does not provide a remedy for violations of state statues or regulations); *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071-72 (7th Cir. 1984) (violation of jail regulation regarding cell inspections could support a negligence claim, but not a claim of "callous indifference" actionable under § 1983 where defendant had no knowledge that inmate was subject to "strong likelihood" of violence). There is no constitutional requirement that a verbal warning by an officer or guard must occur before the use of pepper spray, and the policies cited by Plaintiff were not in effect at the time.

Lastly, Plaintiff argues that Defendants made no attempts to temper or limit the force, and since officers did not perceive him as a threat, the use of OC spray was unjustified against him. As previously stated in Defendants' Motion, all efforts were exhausted prior to Lt. Anderson executing the pre-planned use of force. Lt. Anderson and Lt. Garcia searched for Plaintiff's missing personal items in order to gain Plaintiff's compliance with transferring to his new tier. (Dkt. 64 at ¶¶47, 49.) Inv. Johnson testified that he attempted to escort Plaintiff out of the attorney room prior to the use of OC Spray. As seen on video and testified to by all Defendants, Lt. Anderson attempted to have Plaintiff comply with orders to transfer to his new housing assignment as he requested, prior to the use of OC spray. (Dkt. 64 at ¶¶51-56; Ex. G.) Defendants made all efforts for Plaintiff to comply with officers' orders prior to deploying OC spray.

Further, the objective video evidence shows Plaintiff stating that officers will need to "spray him or send him to Stroger Hospital" if they want him to come out of the room. (Dkt. 64 at ¶52.) Plaintiff posed a threat for potential injury or attack to all Defendants. Plaintiff continually resisted Defendants' orders and attempts to handcuff him with violent movements, including

9

kicking, flailing his arms, and other aggressive bodily movements. (Dkt. 64. ¶¶58-59; Ex. G.) Plaintiff would like to categorize himself as a non-moving resister, but that was not the case and is belied by the video. In the video, Plaintiff was actively resisting his transfer to his new housing assignment, and became more combative when Defendants identified unknown items lodged in the frontside of his pants. (Dkt. 64. at ¶¶60-63.) Defendants were justified in the force they used to secure Plaintiff to prevent any harm to himself and provide a safe environment for not only themselves, but for other detainees and staff.

Therefore, Plaintiff's arguments attempting to show that there is a genuine issue of material fact as to Plaintiff's excessive force claim should be disregarded, and summary judgment should be granted.

**IV. Sgt. Day, Ofc. Mendoza and Ofc. Serrano did not need to intervene to prevent harm to Plaintiff.**

Plaintiff cannot prove his claim for failure to intervene against Ofc. Serrano, Sgt. Day and Ofc. Mendoza. Because Plaintiff failed to prove his burden of excessive force against Lt. Anderson, Lt. Ludwig, Sgt. Day, Inv. Johnson, Inv. Garcia, Ofc. Parker and Ofc. McSwain, he also fails to prove his failure to intervene claim because a constitutional violation needs to exist. Although Plaintiff asserts arguments in his Response based on cherry-picked statements from Defendants' depositions, this fails to provide any conclusive evidence that these individuals knew fellow officers used excessive force against Plaintiff, or knew officers committed a constitutional violation. (Dkt. 84 at pg. 11)

Additionally, Plaintiff provides no arguments or evidence regarding Ofc. Serrano, Sgt. Day and Ofc. Mendoza's opportunity to intervene to prevent acts from occurring against Plaintiff on December 30, 2017. Therefore, Ofc. Serrano, Sgt. Day and Ofc. Mendoza had no reason to know that excessive force, or a constitutional violation, had occurred because the facts support that the

10

force used was reasonable in light of Plaintiff's behavior, and any intervention was unnecessary. Summary judgment is thus appropriate as to Plaintiff's failure to intervene claim.

V. **Defendants are entitled to qualified immunity.**

Defendants' use of force was not objectively unreasonable. But even if, for the sake of argument, a jury could make that finding, it would not change the outcome. Defendants are entitled to qualified immunity. The doctrine of qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)).

Here, Plaintiff has failed to meet his burden to defeat a qualified immunity defense. Plaintiff states that "it was clearly established under both state and federal laws as of December 30, 2017, that officers cannot pepper spray an inmate without prior warning." (Dkt. 78. at pg. 14.) Plaintiff further argues that "Defendants were on notice that refusal to comply with an order without more did not justify pepper spraying Plaintiff without prior warning when he was already handcuffed and was not actively resisting, slamming him on the concrete floor, dragging him on the floor, and then shackling him. (*Id*. at pg. 15.)

These arguments do not advance the ball. Plaintiff has failed to direct the Court to any case law supporting a categorical no "pepper spraying" rule without prior warning by an officer to a person known as a moving resister. Plaintiff also fails to offer any law that was in effect in 2017 that requires an officer to give a prior warning before the use of pepper spray. The Seventh Circuit does provide authority prohibiting significant and gratuitous force against subdued suspects in certain circumstances. *See, e.g., Kingsley v. Hendrickson,* 801 F.3d 828, 832 (7th Cir. 2015) (concluding that a reasonable officer was on notice that a manacled, non-resisting suspect already

11

lying on his back did not justify the use of taser); *Miller v. Gonzalez*, 761 F.3d 822, 829 (7th Cir. 2014) (finding that a reasonable jury could have determined that the officer deliberately broke the arrestee's jaw with his knee when the arrestee no longer posed a threat, and was already lying "spread eagle" on the ground); *Rambo v. Daley*, 68 F.3d 203, 207 (7th Cir. 1995) ("The Constitution clearly does not allow police officers to force a handcuffed, passive suspect into a squad car by breaking his ribs."); *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 487 (7th Cir. 2011) (noting that prior cases had established the illegality of the use of pepper spray on an arrestee who was "already ... handcuffed and ... offering no physical resistance" or was "lying face down ... with both arms hand-cuffed behind his back").

Moreover, the cases Plaintiff cites are distinguishable from the case at bar. (Dkt. 78. at 14.) On December 30, 2017, Plaintiff was resisting officers during the incident. Although Plaintiff was handcuffed, it was to the front which still made him an active threat to officers. He actively refused to transfer to his new housing assignment, and did not permit officers to search his clothes where items appeared concealed in his pants. Plaintiff also resisted allowing officers to re-position his handcuffs to the correct placement behind his back. Clearly, Defendants' use of force was not significant or gratuitous, but rather matched by the need. As evidenced by Plaintiff's medical records, he suffered no injuries that suggest otherwise. Plaintiff recovered within a day and was returned to the Cook County Jail without further incident.

In sum, based on the undisputed facts, Defendants are entitled to qualified immunity because Defendants transferred Plaintiff to his new housing assignment without violating any clearly established right, so they are protected.

## CONCLUSION

WHEREFORE, for the foregoing reasons and those stated in their Motion for Summary Judgment, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Summary Judgment along with fees and costs.

                                                  Respectfully submitted,

                                                  KIMBERLY M. FOX
                                                  State's Attorney of Cook County

By:    */s/ Jorie R. Johnson*
         Jorie R. Johnson
         Assistant State's Attorney
         Civil Actions Bureau
         500 Richard J. Daley Center
         Chicago, IL 60602
         Jorie.Johnson@cookcountyil.gov

By:    */s/ Troy S. Radunsky*
         Troy S. Radunsky
         Zachary G. Stillman
         DeVore Radunsky LLC
         230 W. Monroe, Suite 230
         Chicago, Illinois 60606
         tradunsky@devoreradunsky.com
         zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

I, Jorie R. Johnson, hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff's counsel of record pursuant to ECF, in accordance with the rules of electronic filing of documents on this 17 th day of October 2023.

                                                  */s/ Jorie R. Johnson*
                                                  Jorie R. Johnson